Michael Joe BROOKS, Appellant,

v.

The STATE of Texas.

No. 887–96.

Court of Criminal Appeals of Texas, En Banc.

Nov. 26, 1997.

John Bennett, Inmate Legal Services, Huntsville, for appellant.

a man who served this country admirably for    many years.

Jerome Aldrick, District Atty., David Bosserman, Asst. District Atty., Angleton, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and MANSFIELD, PRICE, HOLLAND and WOMACK, Judges, joined.

A jury convicted appellant of delivery of a controlled substance, and after finding that appellant had previously been convicted of a felony, the jury assessed his punishment at fifteen years confinement and a $15,000 fine. Appellant's conviction was affirmed on appeal. *Brooks v. State*, 921 S.W.2d 875 (Tex. App.—Houston [14th Dist.], 1996). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in upholding the trial court's submission of an enhanced punishment charge to the jury. We will affirm.

The indictment returned by the grand jury against appellant in this case did not contain an enhancement paragraph. The State filed a motion for leave to amend the indictment to add an allegation that appellant had previously been convicted of attempted murder. The trial court granted the State's motion, and in its order, stated the following:

Leave of Court is given to the State to amend the indictment and the amendment is done under the direction of the Court to add the following:

### HABITUAL PARAGRAPH

AND THE GRAND JURORS AFORESAID do further present that before the commission of the primary offense, on or about the 21st day of November, 1985, in Cause No. 365187 in the 230th Judicial District Court of Harris County, Texas, the defendant was convicted of the felony of Attempted Murder.

(Emphasis added). However, the original document containing the indictment was not physically altered in any respect. At the beginning of the punishment hearing, the State's attorney read the "remainder" of the

"amended" indictment to the jury without objection. Appellant made no objection when the trial court included the enhancement in the punishment charge. Both sides treated the enhancement allegation as if it were properly before the court and jury as an amendment to the indictment.

On appeal, appellant complained that the State's failure to physically alter the original indictment document to include the amendment violated appellant's constitutional right to be apprised of the accusations against him. The Court of Appeals held that there was not an amendment because the indictment was never physically altered. *See Ward v. State*, 829 S.W.2d 787 (Tex.Cr.App.1992). The Court further held that since the indictment was not amended to include an enhancement paragraph, the trial court had no authority to include it in the jury charge at punishment. Since appellant failed to object to the submission of the enhancement in the punishment charge, the Court reviewed the error pursuant to the test set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985). The Court of Appeals concluded that appellant was not deprived of a "fair and impartial trial" and did not suffer egregious harm because he admittedly received notice of the State's intent to seek an enhanced punishment based on the prior conviction, admitted to the jury he was convicted in 1985 for attempted murder and sentenced to 20 years confinement, and failed to make any allegation that he was unfairly surprised by the enhancement. *Brooks*, 921 S.W.2d at 879.

In his petition to this Court, appellant contends that the Court of Appeals erred in using an egregious harm analysis, and contends that the court's holding conflicts with *Alvarez v. State*, 472 S.W.2d 762 (Tex.Cr. App.1971), *overruled in part by, Scott v. State*, 553 S.W.2d 361 (Tex.Crim.App.1977). In its response to the petition, the State argues that the only purpose of the enhancement paragraph is to provide the accused with notice that the State will attempt to use a specific conviction for enhancement of punishment. *See Coleman v. State*, 577 S.W.2d 486, 488 (Tex.Cr.App.1979). The State contends that it is not constitutionally required that an enhancement allegation be included in the indictment because an enhancement

paragraph does not form any part of the allegations of criminal wrongdoing, and therefore the State's motion for leave to amend the indictment to include the enhancement paragraph, which was granted by the trial court, satisfied the State's notice requirement.[1] The State also contends that appellant waived error under *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App.1990) by failing to object before trial to the amended indictment.[2]

Even if the trial court's order did not constitute an amendment, the trial court did not err in submitting the enhancement issue to the jury because enhancement allegations need not be included in an indictment. Article 27.01 provides that an indictment is the State's *"primary* pleading in a criminal action" (emphasis added). By inference, the statute indicates that other, ancillary pleadings by the State are possible, and in fact, we have recognized that certain matters, such as the intent to seek a deadly weapon finding, may be pled apart from the indictment. *Ex Parte Patterson*, 740 S.W.2d 766, 776 (Tex. Crim.App.1987), *overruled on other grounds by, Ex Parte Beck*, 769 S.W.2d 525, 528 (Tex. Crim.App.1989). Article 21.03 provides that "[e]verything should be stated in an indictment which is necessary to be proved." We have interpreted that provision to mean that an indictment must include "everything necessary to be proven to sustain a conviction *in the guilt/innocence phase "* of a trial. *Sharp v. State*, 707 S.W.2d 611, 624 (Tex.Crim.App. 1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988)(punishment special issues in capital murder case need not be pled in indictment); *Rosales v. State*, 748 S.W.2d 451, 458 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988)(same).

Relying upon *Sharp* and *Rosales*, one court of appeals has held that a defendant has no right to a grand jury determination regarding a prior conviction used for enhancement. *Batiste v. State*, 785 S.W.2d 432, 436 (Tex.App.—Corpus Christi 1990, pet. ref'd). In *Batiste*, the State, through amendment, substituted one enhancement allegation for a different enhancement allegation. *Id.* at 433. The defendant ·complained that use of the new enhancement allegation violated his constitutional right to a grand jury determination of such an allegation. *Id.* at 433–434. The Corpus Christi Court of Appeals held that substitution without resort to the grand jury was proper because the defendant was not entitled to a grand jury determination regarding the enhancement. *Id.* at 436.

· However, in *Patterson* and some of our older cases, we have indicated that enhancement paragraphs must be included in the indictment:

> It was long ago held that "[e]very circumstance constituting a statutory offense which would affect the degree of punishment, must be alleged in the indictment." *Long v. The State*, [36] Tex. 6, 10 (1871). Thus, prior convictions to be used for enhancement of punishment under felony recidivist statutes must be pled in the indictment, and proof of an upheld prior conviction will not support an enhanced sentence. See *Moore v. State*, 154 Tex. Cr.R. 307, 227 S.W.2d 219 (1950). This is true even though a prior offense alleged for enhancement is not really a component element of the primary offense, but only "an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him." *Sigler v. State*, 143 Tex.Cr.R. 220, 157 S.W.2d 903, 904 (1942).

*Patterson*, 740 S.W.2d at 776 (emphasis added). But this statement in *Patterson* was *dicta* because the issue in that case was whether and how a deadly weapon finding must be pled. *Id.* Moreover, the authorities cited by *Patterson* do not necessarily support the proposition that enhancements must be pled under the current statutory scheme.

---

1. In its opinion, the Court of Appeals discussed this argument and found it to be sound, but declined to adopt it because the court considered itself bound by our opinion in *Ex Parte Patterson* (see below).

2. Relying upon *Ward*, the Court of Appeals concluded that the indictment in this case was not amended. The State claims that *Ward* is distinguishable. Because of our disposition of the case, we need not address whether the indictment was amended.

When *Long* was decided, indictments were the *only* pleadings of the State. Texas Code of Criminal Procedure, Article 481 (1856). *See also Batiste*, 785 S.W.2d at 435. The *Long* court was concerned that failing to include enhancements in the indictment "would, in effect, do away with criminal pleadings." 36 Tex. at 10. Further, when *Long* was decided, the law required the State to plead "whatever matter affects the degree or kind of punishment." *Id.* at 9–10. By contrast, statute now permits the State to have other pleadings, and *Sharp* eliminated the requirement that an indictment plead punishment issues. *Moore* held that prior convictions used for enhancement must be pled but did not categorically say that the pleading used must be an indictment. *See Moore*, 227 S.W.2d at 221. *Sigler* had nothing to do with whether enhancements must be pled but held that such enhancements do not implicate double jeopardy concerns. *See Sigler*, 157 S.W.2d at 904–905. In fact, a reading of *Sigler* indicates that *Patterson* apparently cited it as adverse authority on whether enhancements should be included in an indictment because of *Sigler*'s holding that enhancements are not elements of the offense but historical facts relating to punishment. *See Patterson* and *Sigler*, above.

We note that the concurring opinion in *Patterson* also maintained that enhancement allegations must be contained in an indictment and cited four additional cases in support of the idea that "proper notice" must be given. *Patterson*, 740 S.W.2d at 778 (Miller, J. concurring)(citing *Rogers v. State*, 168 Tex.Cr.R. 306, 325 S.W.2d 697(1959), *overruled in part by, Scott v. State*, 553 S.W.2d 361 (Tex.Crim.App.1977); *Parasco v. State*, 165 Tex.Cr.R. 547, 309 S.W.2d 465 (1958), *overruled in part by, Bell v. State*, 504 S.W.2d 498, 500–501 (Tex.Crim.App.1974); *Coleman v. State*, 577 S.W.2d 486 (Tex.Crim. App.1979); *Bevins v. State*, 422 S.W.2d 180 (Tex.Crim.App.1967)). *Coleman* and *Bevins* held merely that enhancements need not be alleged with the same particularity as the primary offense in an indictment; they are not direct authority for the proposition that an indictment must refer to such enhancements. *See Coleman*, 577 S.W.2d at 488; *Bevins*, 422 S.W.2d at 181–182. *Parasco* and

*Rogers* did purport to hold that prior convictions used for enhancement must be alleged in the indictment. *See Parasco*, 309 S.W.2d at 467; *Rogers*, 325 S.W.2d at 698. But *Parasco*'s holding was premised in part on the notion that the prior conviction in the particular case constituted an element of the offense. 309 S.W.2d at 466. This part of *Parasco*'s holding was subsequently overruled. *Bell*, 504 S.W.2d at 500–501. Due to its holding that the prior conviction was an element of the offense, its alternative holding that enhancements must be alleged in the indictment could be viewed as mere *dicta*. Moreover, *Parasco* cited no authority for this alternative holding and gave no reasoning other than to characterize alleging the enhancement offense in the indictment as "proper notice." 309 S.W.2d at 467. And *Rogers* relied solely upon *Parasco* as authority for its holding. 325 S.W.2d at 698.

The theme through all of these cases appears to be that a defendant is entitled to notice of prior convictions to be used for enhancement. But alleging an enhancement in the indictment is not the only reasonable method of conveying such notice. Even Judge Clinton, the author of the majority opinion in *Patterson*, has subsequently maintained that enhancement paragraphs do not have to be in the indictment:

> We simply observed in *Patterson* that the enhancement paragraphs must be pled *somewhere*, 740 S.W.2d at 776, and, as the court of appeals points out, 785 S.W.2d at 435, when the seminal case on enhancement paragraphs was decided, *see Long v. State*, 36 Tex. 6 (1871), an indictment was the only pleading available to the State. We did not necessarily indicate that an enhancement paragraph must be supported by a grand jury finding, and in fact we expressly held that a deadly weapon allegation need not emanate from a grand jury finding.

*Batiste v. State*, 830 S.W.2d 951, 952 n. * (Tex.Crim.App.1992)(Clinton, J. dissenting from refusal to grant pet. for disc. rev.)(emphasis added). Hence, we conclude that, to the extent prior cases have indicated that enhancement paragraphs must be pled in the indictment, those cases did not survive our

decisions in *Sharp* and *Rosales*. As with deadly weapon findings, prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment—although it is permissible and perhaps preferable to do so. *See Patterson,* 740 S.W.2d at 776. In this case, the requisite notice was conveyed by the State's motion and the trial court's order.

We find that the Court of Appeals reached the correct result in light of the above discussion. Therefore, the Court of Appeals' decision is affirmed.

MANSFIELD, J., filed a concurring opinion.

MEYERS, J., filed a dissenting opinion, in which BAIRD, J., joined.

OVERSTREET, J., dissented.

MANSFIELD, Judge, concurring.

Appellant was indicted for the offense of delivery of a controlled substance. Initially, the indictment did not contain an enhancement paragraph. Subsequently, the State filed a motion for leave to amend the indictment to add an enhancement paragraph, which alleged appellant had been convicted of the felony offense of attempted murder in 1985. The trial court granted the motion.

However, the indictment was never physically amended. At the beginning of the punishment phase, the State read the indictment, including the never actually-added enhancement paragraph, to the jury. At the conclusion of the punishment phase the trial court included language pertaining to the enhancement paragraph as part of its charge to the jury on punishment. At no time did appellant object to the reading of the enhancement paragraph or to its inclusion in the jury charge. The jury assessed punishment at fifteen years imprisonment plus a fine of $15,000. Appellant's conviction and sentence were affirmed on appeal. *Brooks v. State,* 921 S.W.2d 875 (Tex.App.—Houston [14th Dist.] 1996).

There is certainly no question that an accused is entitled to notice that the State intends to use his prior convictions for the purpose of enhancing punishment. The issue presented here is whether this notice must be provided by the indictment itself, or whether it may be provided by other means. As the majority correctly states, Texas Code of Criminal Procedure Article 27.01 provides that an indictment is the State's "primary pleading in a criminal action." The language of article 27.01 implicitly provides for the possibility that the State may raise certain matters by pleadings other than the indictment itself.

An enhancement paragraph is analogous to an affirmative deadly weapon finding in that it has the potential to increase the punishment range faced by the accused. While an affirmative deadly weapon finding does not, of course, increase the length of the sentence, it has a similar effect because if the accused is convicted and a deadly weapon affirmative finding is made, he would have to serve additional time before being eligible for parole. Accordingly, we have consistently held that the State must provide adequate notice to the accused of its intent to seek an affirmative deadly weapon finding. This notice requirement may be met by including its intent to seek an affirmative deadly weapon finding as part of the indictment itself or by other written means. *Ex parte Patterson,* 740 S.W.2d 766, 776 (Tex.Crim.App.1987), overruled on other grounds, *Ex parte Beck,* 769 S.W.2d 525 (Tex.Crim.App.1989). For example, we have held the State may seek an affirmative finding as to use or exhibition of a deadly weapon by providing written notice to the accused of its intent to do so, and this notice may be made by a written pleading outside the indictment. *Luken v. State,* 780 S.W.2d 264, 266 (Tex.Crim.App.1989); *Ex parte Patterson, supra; Polk v. State,* 693 S.W.2d 391 (Tex.Crim.App.1985). *See also McLean v. State,* 787 S.W.2d 196, 197 (Tex. App.—Corpus Christi 1990).

The above cases simply hold that if the State intends effectively to increase the *actual* amount of prison time the accused will serve if he is convicted by seeking an affirmative deadly weapon finding, then the accused must be provided adequate advance notice so he can prepare a defense to the State's allegation that he used or exhibited a deadly weapon. Indeed, failure to provide

such adequate notice in advance may well violate the accused's due process and due course of law rights under the United States and Texas Constitutions. Similarly, so that the accused is provided a reasonable opportunity to contest the validity of prior convictions the State intends to use for enhancement purposes, he must be given adequate advance notice of the State's intent to do so.

In the present case, the State did not include an enhancement paragraph as part of the indictment. While the State did timely file its motion to amend the indictment by adding an enhancement paragraph and the motion was granted, the indictment itself, due to some clerical or other oversight, was never physically amended.

There is no question appellant was notified the State intended to seek an enhanced punishment based on his 1985 conviction for attempted murder. He did not object at the time the State filed its motion to amend the indictment; nor did he object when the State read the enhancement paragraph to the jury at the beginning of the punishment phase. Finally, appellant failed to object to the inclusion of enhancement language in the trial court's punishment charge to the jury. Appellant was given all the notice to which he was entitled that the State intended to seek an enhanced punishment. In my opinion, his failure to take advantage of at least three opportunities to object waives any complaint with respect to this issue on appeal.

I would hold that the State may elect to seek enhancement of punishment by either of the following means:

1. by inclusion of an enhancement paragraph in the indictment, either initially, or by actual physical amendment of the indictment;

2. by written motion filed prior to commencement of the guilt-innocence phase of the trial provided the accused is afforded notice and an opportunity to be heard.

With these comments I join the judgment of the Court.

MEYERS, Judge, dissenting.

The majority's holding rests upon weak analogies and faulty interpretations of precedent. I dissent.

## I. The Deadly Weapon Finding Analogy is Fatally Flawed

Based on precedent that the State's declaration of intent to seek a deadly weapon finding does not have to be pled in the indictment, the majority holds that enhancements do not have to be pled in the indictment. But deadly weapon findings differ greatly from enhancement allegations.

A deadly weapon finding affects a defendant's eligibility for probation and parole. *See, e.g., Grettenberg v. State,* 790 S.W.2d 613 (Tex.Crim.App.1990)(purpose of deadly weapon finding is to limit eligibility for probation or parole). A deadly weapon finding does not affect the range of punishment for which the defendant is eligible. Recently this Court reiterated that a deadly weapon finding is not part of the sentence. *State v. Ross,* 953 S.W.2d 748, 752 (Tex.Crim.App. 1997). As one federal court noted, under Texas law, the effect of a deadly weapon finding on a felony conviction is to lengthen confinement under the sentence by restricting the defendant's ability to obtain good time credit—it does not affect the range of punishment the defendant can receive. *Ables v. Scott,* 73 F.3d 591 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 1696, 134 L.Ed.2d 795 (1996). Enhancement allegations do affect the range of punishment. *See, e.g., Pachecano v. State,* 881 S.W.2d 537 (Tex. App.—Fort Worth 1994, no pet.)(enhancement provision allows trial court to admit evidence of defendant's prior convictions for assessment of punishment, while affirmative deadly weapon finding does not affect punishment but only affects amount of assessed sentence that must be served, and such affirmative finding does not implicate double jeopardy).

Because the deadly weapon finding is not part of the sentence and does not affect the number of years to be served or the amount of the fine assessed, we have recognized that a deadly weapon finding, as distinguished

from enhancement allegations, need not be included in the indictment:

"Everything should be stated in an indictment which is necessary to be proved." Article 21.03, V.A.C.C.P. It was long ago held that "[e]very circumstance constituting a statutory offense which would affect the degree of punishment, must be alleged in the indictment." *Long·v. The State*, 36 Tex. 6, 10 (1871). Thus, prior convictions to be used for enhancement of punishment under felony recidivist statutes must be pled in the indictment, and proof of an upheld prior conviction will not support an enhanced sentence. *See Moore v. State*, 154 Tex.Crim. 307, 227 S.W.2d 219 (1950). This is true even though a prior offense alleged for enhancement is not really a component element of the primary offense, but only "an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him." *Sigler v. State*, 143 Tex. Crim. 220, 157 S.W.2d 903, 904 (1942). It is at least arguable that use or exhibition of a deadly weapon is similarly a "circumstance constituting a statutory offense which would affect the degree of punishment," and hence "must be alleged in the indictment."

However, the affirmative finding at issue here affects not so much the degree of punishment as its character. Once paroled, the convict remains in the constructive custody of the State for the full duration of his sentence.

*Ex Parte Patterson*, 740 S.W.2d 766, 776 (Tex.Crim.App.1987), *overruled on other grounds* by *Ex Parte Beck*, 769 S.W.2d 525, 528 (Tex.Crim.App.1989). The majority says *Patterson*'s discussion about enhancement allegations is dicta because the issue in that case was whether a deadly weapon finding must be pled in the indictment. *Patterson*'s holding rests in large part, if not exclusively, on the distinction drawn between deadly weapon findings and enhancement allegations. Without its conclusions regarding the nature of enhancement allegations, its holding as to deadly weapon findings would lack foundation. If this is dicta, it is at least persuasive.

More important than *Patterson* is one of the cases upon which it relies, *Parasco v. State*, 165 Tex.Crim. 547, 309 S.W.2d 465 (1958). The majority says *Parasco* is not controlling because in that case the "the prior conviction was an element of the offense." The majority further asserts that the Court's statement there that the enhancement must be pled in the indictment is an "alternate holding," and therefore dicta. But this is not exactly correct.

The statute upon which *Parasco* was convicted included two sections, one applicable to first time offenders and the other applicable to defendants previously convicted of violating the statute.[1] We viewed the statute as describing two separate offenses: violation of the statute, and violation of the statute by one previously convicted of violating the statute[2]. We held that "[a]n accused is entitled

---

1. *Parasco* was decided before the 1965 Code of Criminal Procedure, and well before the earliest versions of the enhancement·provisions currently included in the Penal Code. Sections 12.42 and 12.43 had their genesis in Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974.

2. *Parasco* was prosecuted under the Uniform Narcotic Drug Act, found in Article 725b of the Penal Code (as amended by Acts of the 53rd Legislature, p. 812, Ch. 328, and Acts of the same Legislature at its first called session, p. 103, Ch. 50, and as to punishment, by Acts of the 54th Legislature, p. 903, Ch. 354).

The punishment for the unlawful possession of a narcotic drug was delineated in Section 23(1) of that Article:

'Any person violating any provision of this Act shall, upon conviction be punished by confinement in the State penitentiary for not less than

two (2) years nor more than life, and upon the second or any subsequent conviction therefor shall be punished by confinement in the penitentiary for life or for any term of years not less than ten (10), and the benefits of the suspended sentence law shall not be available to a defendant convicted for [165 Tex.Crim. at 549, 309 S.W.2d 465] a violation of the provisions of this Act; provided that any person convicted of a first offense violation of this Act shall be entitled to the benefits of probation under the Adult Probation and Parole Law, as provided therein.'

We concluded that this section describes two different offenses:

It is apparent that the possession of a narcotic drug by one who has been previously convicted of violating the Uniform Narcotic Drug Act *is a different offense* from that of a first offender; provides a different minimum punishment, and

to proper notice *in the indictment* of any prior conviction which the State seeks to use in connection with a primary offense, *whether it be an element of the offense or for enhancement of punishment."* *Parasco,* 309 S.W.2d at 467 (emphasis added). The fact that the prior conviction was considered an element of the offense was not the reason we held it had to be pled in the indictment. Ultimately we granted relief, stating that "[i]n the absence of an allegation in the indictment that the prior conviction for heroin would be relied upon for enhancement of the punishment in connection with the primary offense of possession of isonipecaine, as charged in the first count, the conviction thereunder cannot be sustained." *Id.*

The majority says the pertinent part of *Parasco* was overruled in *Bell v. State,* 504 S.W.2d 498 (Tex.Crim.App.1974). But *Bell* did not affect the portion of *Parasco*'s holding that enhancement allegations must be pled in the indictment. Rather, *Bell* pointed out that *Parasco*'s characterization of the enhancement allegations as an element of the offense under the controlling statute was no longer valid under the revised version of that statute. Under the revised statute, the prior conviction was "clearly for enhancement purposes, and not an element of the offense." *Bell* 504 S.W.2d at 501. *Parasco* was overruled to this limited extent. Recognizing this change in the statute does nothing to undermine *Parasco*'s holding that "[a]n accused is entitled to proper notice *in the indictment* of any prior conviction which the State seeks to use in connection with a primary offense, *whether it be an element of the offense or for enhancement of punishment."* *Parasco,* 309 S.W.2d at 467 (emphasis added).

## II. Enhancement Allegations Operate Differently in Capital and Non-capital Cases

Article 21.03 of the Code of Criminal Procedure provides that "[e]verything should be stated in an indictment which is necessary to be proved." The majority says we have interpreted this provision to mean that an indictment must include "everything necessary to be proven to sustain a conviction in the guilt/innocence phase." *Sharp v. State,* 707 S.W.2d 611, 624 (Tex.Crim.App.1986), *cert. denied* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The majority relies on *Sharp* and its progeny, specifically *Rosales v. State,* 748 S.W.2d 451 (Tex.Crim.App.1987), *cert. denied* 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988), but those cases do not support the majority's position.

*Sharp* and *Rosales* held that punishment special issues do not need to be pled in the indictment in *capital murder cases.* This makes sense in light of section 12.31 of the Texas Penal Code, which provides that there are only two punishment options in capital cases: life imprisonment and death. *See Ex Parte Granviel,* 561 S.W.2d 503, 515 (Tex. Crim.App.1978). Enhancement allegations do not "enhance" the sentence of a defendant adjudged guilty of a capital offense. In non-capital felonies, however, enhancement allegations alter the range of punishment to which a defendant may be subjected. For example, where the sentence is enhanced under Section 12.42(a)(1) of the Texas Penal Code the defendant is potentially subject to confinement for 400% more time than he would be if the sentence was not enhanced. *See also* Texas Penal Code §§ 12.34 and 12.35.

## Conclusion

The majority's opinion is not supported by precedent and is an unnecessary and harmful change to longstanding jurisprudence. The majority's opinion is also bad policy. It relegates punishment issues to ancillary pleadings, as if the question of punishment is somehow an ancillary issue. For the reasons stated in this opinion, I dissent.

BAIRD, J., joins.

---

permits the benefits of the Adult Probation and Parole Law to first convictions only.

*Parasco,* 309 S.W.2d at 466.