TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00078-CR







Bobby Martin, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 498620, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







The county court at law found appellant Bobby Martin guilty of "assault family
violence" and assessed punishment at incarceration for one year and a $2000 fine. See Tex. Penal
Code Ann. § 22.01 (West 1994 & Supp. 1999). The court suspended imposition of sentence and
placed appellant on community supervision. By his only point of error, appellant asks that the
judgment be reformed to delete the family violence finding because he was not given notice that
such a finding would be sought. We will overrule this point and affirm the trial court's judgment
as is.

In a trial for assault or other offense against the person, if the court determines that
the offense involved family violence it must make an affirmative finding of that fact and enter the
finding in its judgment. See Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 1999). 
"Family violence" means, among other things, an act by a family member against another family
member that is intended to result in physical harm, bodily injury, assault, or sexual assault. See
Tex. Fam. Code Ann. § 71.004(1) (West Supp. 1999). 

The information in this cause alleged that appellant "intentionally, knowingly, and
recklessly cause[d] bodily injury to Natasha Martin by seizing [her] on and about the arm with
[his] hand." The evidence shows that the named complainant is appellant's wife. Appellant does
not challenge the sufficiency of the evidence to sustain his assault conviction or deny that he was
shown to have committed an act of family violence. His only complaint is that he was not notified
before trial that a family violence finding might be made. 

To support his contention that he was entitled to notice, appellant cites the long line
of cases holding that a defendant is entitled to notice of previous convictions the State intends to
use for enhancement of punishment. See Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App.
1997); Long v. State, 13 Tex. 6, 10 (1871); Tex. Penal Code Ann. § 12.42 (West 1994 & Supp.
1999). He also argues by analogy to deadly weapon findings. See Tex. Code Crim. Proc. art.
42.12, § 3g(a)(2) (West Supp. 1999) (affirmative finding that deadly weapon was used in
commission of offense shall be entered in judgment). It has been held that a defendant is entitled
to prior notice that the State intends to seek an affirmative finding regarding the use of a deadly
weapon. Ex parte Patterson, 740 S.W.2d 766, 775 (Tex. Crim. App. 1987), overruled on other
grounds, Ex parte Beck, 769 S.W.2d 525, 528 (Tex. Crim. App. 1989).

We need not reach the merits of appellant's argument because we conclude that he
received the notice to which he claims he was entitled. The indictment alleged that appellant
intentionally caused bodily injury to Natasha Martin. It is reasonable to assume that appellant
knew that Natasha Martin was his wife. The allegation that appellant assaulted his wife
necessarily included the allegation that appellant committed family violence, and gave him
sufficient notice that a family violence finding might be made. See Ex parte Beck, 769 S.W.2d
525, 526-27 (Tex. Crim. App. 1989) (allegation that defendant used weapon to cause victim's
death necessarily included allegation that weapon was deadly, and gave defendant sufficient notice
that deadly weapon finding was possible).

The point of error is overruled and the judgment of conviction is affirmed.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: August 26, 1999

Do Not Publish



T AUSTIN






NO. 03-99-00078-CR







Bobby Martin, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 498620, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







The county court at law found appellant Bobby Martin guilty of "assault family
violence" and assessed punishment at incarceration for one year and a $2000 fine. See Tex. Penal
Code Ann. § 22.01 (West 1994 & Supp. 1999). The court suspended imposition of sentence and
placed appellant on community supervision. By his only point of error, appellant asks that the
judgment be reformed to delete the family violence finding because he was not given notice that
such a finding would be sought. We will overrule this point and affirm the trial court's judgment
as is.

In a trial for assault or other offense against the person, if the court determines that
the offense involved family violence it must make an affirmative finding of that fact and enter the
finding in its judgment. See Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 1999). 
"Family violence" means, among other things, an act by a family member against another family
member that is intended to result in physical harm, bodily injury, assault, or sexual assault. See
Tex. Fam. Code Ann. § 71.004(1) (West Supp. 1999). 

The information in this cause alleged that appellant "intentionally, knowingly, and
recklessly cause[d] bodily injury to Natasha Martin by seizing [her] on and about the arm with
[his] hand." The evidence shows that the named complainant is appellant's wife. Appellant does
not challenge the sufficiency of the evidence to sustain his assault conviction or deny that he was
shown to have committed an act of family violence. His only complaint is that he was not notified
before trial that a family violence finding might be made. 

To support his contention that he was entitled to notice, appellant cites the long line
of cases holding that a defendant is entitled to notice of previous convictions the State intends to
use for enhancement of punishment. See Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App.
1997); Long v. State, 13 Tex. 6, 10 (1871); Tex. Penal Code Ann. § 12.42 (West 1994 & Supp.
1999). He also argues by analogy to deadly weapon findings. See Tex. Code Crim. Proc. art.
42.12, § 3g(a)(2) (West Supp. 1999) (affirmative finding that deadly weapon was used in
commission of offense shall be entered in judgment). It has been held that a defendant is entitled
to prior notice that the State intends to seek an affirmative finding regarding the use of a deadly
weapon. Ex parte Patterson, 740 S.W.2d 766, 775 (Tex. Crim. App. 1987), overruled on other
grounds, Ex parte Beck, 769 S.W.2d 525, 528 (Tex. Crim. App. 1989).

We need not reach the merits of appellant's argument because we conclude that he
received the notice to which he claims he was entitled. The indictment alleged that appellant
intentionally caused bodily injury to Natasha Martin. It is reasonable to assume that appellant
knew that Natasha Martin was his wife. The allegation that appellant assaulted his wife
necessarily included the allegation that appellant committed family violence, and gave him
sufficient notice that a family violence finding might be made. See Ex parte Beck, 769 S.W.2d
525, 526-27 (Tex. Crim. App. 1989) (allegation that defendant used weapon to cause victim's
death necessarily included allegation that weapon was deadly, and gave defendant sufficient notice
that deadly weapon finding was possible).

The point of error is overruled and the judgment of conviction is affirmed.