Robert Ell Edwards v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-248-CR

ROBERT ELL EDWARDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Ell Edwards was found guilty by a jury of felony DWI, and after finding that the enhancement paragraphs were true, the trial court sentenced him to sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings three points on appeal, contending that the judgment is void because the “amended indictment” under which he was tried and convicted was not on file until after the trial was over and that the evidence is legally and factually insufficient to prove that the second enhancement conviction described in the original indictment was committed after the first enhancement conviction described therein was final.  Because Appellant does not challenge the live pleading giving notice of the enhancement allagations and because we hold that the evidence is legally and factually sufficient to prove the enhancement allegations, we affirm the trial court’s judgment.

The enhancement allegations in the original indictment in this case listed the prior felony convictions in reverse chronological order and therefore alleged an impossibility:

And it is further presented in and to said Court that before the commission of the offense alleged above, on the 15
th
 day of December, 1995, in cause number A-7770, . . . the defendant was convicted of the felony offense of Driving While Intoxicated . . . ;

And it is further presented in and to said Court that before the commission of the offense alleged in the first paragraph above and after the conviction in cause number A-7770 was final, the defendant committed the felony offense of Burglary and was convicted on the 7
th
 day of September, 1978, . . . in cause number F-74-071-R.

On April 14, 2003, the State filed a motion to amend the indictment to correct the sequential language in the enhancement paragraphs, that is, to show that the felony DWI was committed after the burglary conviction was final.  The motion recites in full the proposed language of the amended indictment.  The record shows that an order dated April 17, 2003 was signed granting the motion.  The order provides that the indictment should be granted, and it recites in full the language the amended indictment should contain.  The order provides, in pertinent part:

And it is further presented in and to said Court that before the commission of the offense alleged above, on the 7
th
 day of September, 1978, in cause number F-74-071-R, . . . the defendant was convicted of the felony offense of Burglary . . . ;

And it is further presented in and to said Court that before the commission of the offense alleged in the first paragraph above and after the conviction in cause number F-74-071-R was final, the defendant committed the felony offense of Driving While Intoxicated and was convicted on the 15
th
 day of December, 1995, . . . in cause number A-7770 . . . .

The order was not filed until May 12, 2003, five days after the judgment was signed.  The original indictment was not physically altered in any way.  On the first day of trial, May 5, 2003, the prosecutor announced that the trial would proceed under the amended indictment.  Appellant did not object.  The prosecutor read the proposed amended indictment into the record.

After the jury convicted Appellant, the State introduced, among other exhibits, certified pen packets of the prior felony convictions into evidence in the punishment phase.  The pen packet for the burglary conviction included Appellant’s name, his fingerprints, his mug shot, the fact that the offense was felony burglary, the cause number, the date of the offense, the date of conviction, the convicting court, the judgment, the date of probation revocation, and the sentence.  The pen packet for the prior felony DWI conviction included Appellant’s name, his fingerprints, his mug shot, the fact that the offense was felony DWI, jurisdictional enhancement paragraphs, the cause number, the date of the offense, the date of conviction, the convicting court, the judgment, and the sentence.  Additionally, the officer who arrested Appellant for the primary offense testified that Appellant personally gave him his name, his address, his birth date, and his Texas identification number.  The evidence makes clear that the prior felony DWI was committed after the burglary conviction became final.

In his second and third points, Appellant contends that the evidence is legally and factually insufficient to prove that the second listed enhancement conviction in the original indictment was committed after the first alleged enhancement conviction was final.  Appellant does not complain that the two prior felony convictions were not proved up.  Instead, he specifically contends that the State failed to prove that the offense for which he was convicted in 1978 was committed after the offense for which he was convicted in 1995.  We do not measure the evidence of the enhancement allegations against the original indictment.  Unlike allegations of the offense, enhancement allegations do not have to be provided in the indictment.
(footnote: 2)  The State’s motion to amend was a satisfactory pleading that gave Appellant ample notice of the enhancement allegations in proper sequence.
(footnote: 3)  After the motion to amend was filed and the trial court granted it, the motion to amend became the live pleading for enhancement purposes.

The sufficiency of the evidence in this context should be measured by the elements of the hypothetically correct jury charge for the enhancements, as defined by statute.
(footnote: 4)  Appellant’s stipulation and the pen packets described above, admitted with no objection, are legally and factually sufficient evidence of the two prior, sequential felony convictions alleged in the State’s motion to amend under section 12.42(d) of the penal code.
(footnote: 5)  We therefore overrule Appellant’s second and third points.

In Appellant’s first point, he complains that no amended indictment was filed with the district clerk until after the trial was over and that therefore the amended indictment under which he was tried and convicted did not satisfy constitutional and statutory requisites for a charging instrument.  His complaint concerns only the enhancement paragraphs, not his primary offense.  Because the original indictment is not the live pleading for enhancement purposes, we overrule this issue.
(footnote: 6)
 Having overruled Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 25, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Brooks v. State
,
 
957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

3:
See id.

4:
Young v. State
, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000).

5:
See
 
Tex. Penal Code Ann.
 § 12.42(d) (Vernon Supp. 2004).

6:
See Gowans v. State
, 995 S.W.2d 787, 795 (Tex. App.—Houston [1
st
  Dist.] 1999, pet. ref’d) (refusing to consider appellant’s complaint about original indictment when indictment amending enhancement paragraph was also in  record).