In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00144-CR
______________________________


WILLIAM T. CAREY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 204th Judicial District Court
Dallas County, Texas
Trial Court No. F-0245651-MQ


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          William T. Carey appeals from his convictions for two offenses of aggravated sexual
assault of a child younger than fourteen years of age. He was convicted by a jury, and the
court assessed punishment at life imprisonment in each case. The cases were tried
together and have been briefed together. Three contentions of error have been raised in
both appeals.


 
          Carey contends that the trial court erred by admitting expert opinion testimony from
Cindy Alexander, Clinical Director of the Dallas Children's Advocacy Center, by enhancing
punishment with a conviction from another state that was inadequately alleged in the
indictment, and that the evidence was factually insufficient to support his convictions in
these cases. 
          We first address his complaint regarding the admission of Alexander's testimony. 
Counsel did not attack Alexander's credentials or expertise at trial and objected on the
basis that her testimony was not relevant because of her lack of familiarity with this
particular case. An appellate court reviewing a trial court's ruling on the admissibility of
evidence must utilize an abuse of discretion standard of review. Weatherred v. State, 15
S.W.3d 540, 542 (Tex. Crim. App. 2000). The test for abuse of discretion is not whether,
in the opinion of the reviewing court, the facts present an appropriate case for the trial
court's action; rather, it is a question of whether the court acted without reference to any
guiding rules or principles, and the mere fact that a trial court may decide a matter within
its discretionary authority differently than an appellate court does not demonstrate such an
abuse. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). 
An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie
outside that zone within which reasonable persons might disagree. Id. at 380.
          To be admissible, expert testimony must also be relevant. See Jordan v. State, 928
S.W.2d 550, 555 (Tex. Crim. App. 1996). To be relevant, expert testimony must make an
effort to tie pertinent facts of the case to the scientific principles, which are the subjects of
the testimony, so as to be helpful to the trier of fact. Id. Rule of Evidence 702 provides
that:
          If scientific, technical, or other specialized knowledge will assist the
trier of fact to understand the evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience, training, or
education may testify thereto in the form of an opinion or otherwise.

Tex. R. Evid. 702.
          Alexander testified, based on her education, training, experience, and studies, as
to the wide range of behavioral characteristics observed in sexually abused children. She
testified generally about a number of symptoms observed, such as nightmares and a type
of post-traumatic stress disorder, depression, withdrawal, and stomachaches. She testified
about the situations where such abuse often occurred, with someone with whom the child
has a relationship. She also testified about the way in which a perpetrator would spend
time "grooming" a child by providing time, attention, or presents to the child in order to get
close to the child. She also testified about the ways a child might delay reporting abuse,
or might inform others about the abuse in a gradual manner rather than all at once, and
about the angry or highly emotional state a child might exhibit because of the abuse. On
cross-examination, she testified there are no stereotypes for victims because each victim
reacts differently, and that occasionally children make false allegations, often because of
coaching. 
          Alexander did not know the victim, nor had she examined her, a practice that has
been held to be the preferred practice for an expert testifying on child sexual abuse. 
Duckett v. State, 797 S.W.2d 906, 920 n.18 (Tex. Crim. App. 1990). State's counsel posed
no hypotheticals to attempt to directly apply any part of Alexander's encyclopedic testimony
to the facts of this case.
          Carey objected to Alexander's testimony based on his contention it was not relevant
because of her complete lack of familiarity with the victim and the facts of this case. The
court overruled the objection and allowed a running objection to the whole line of
questioning. 
          Despite the lack of an explicit attempt by the State to connect the expert's opinion
testimony to the facts, there is a substantial correlation between them. The evidence
showed that Carey provided the children in his neighborhood, including the victim, with
access to his swimming pool, brought presents for them from various trips, and bought
rabbits for the children to play with. At one point, Carey told the victim she should take
care of the rabbits because they were hers. The evidence also showed that the victim's
initial physical symptoms manifested in recurrent stomachaches and a lot of anger, shown
by hitting, kicking, and general poor behavior. 
          Expert witness testimony that a child victim exhibits elements or characteristics that
have been empirically shown to be common among sexually abused children is relevant
and admissible under Rule 702 because it is specialized knowledge that is helpful to the
jury. Id. at 914, 920; Gonzales v. State, 4 S.W.3d 406, 417 (Tex. App.—Waco 1999, no
pet.).
          Carey's argument stems from the Texas Court of Criminal Appeals opinion in 
Jordan v. State, 928 S.W.2d 550, 556 (Tex. Crim. App. 1996), that "[t]he question under 
Rule 702 is . . . whether the expert's testimony took into account enough of the pertinent
facts to be of assistance to the trier of fact on a fact in issue." Id. 
          When the evidence at issue is expert testimony, the Texas Court of Criminal
Appeals holds that the trial court must also determine whether the evidence meets the
Rule 702 standard and assists the trier of fact in understanding the evidence or in
determining a fact in issue. 
When examining the Rule 702 issue, the trial court must determine whether
the expert "make[s] an effort to tie pertinent facts of the case to the scientific
principles which are the subject of his testimony." Jordan v. State, 928
S.W.2d 550, 555 (Tex. Crim. App.1996). Restated, the testimony must be
"sufficiently tied to the facts to meet the simple requirement that it be 'helpful'
to the jury." Id. This is the "fit" requirement, . . . .
Morales v. State, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000).
          In this case, there was no effort made to explicitly tie the opinion testimony to the
facts of this case. However, as set out above, the testimony did have a relatively close
association with the evidence brought by the State in support of its case. Further, we are
also confronted by the stricture mentioned above, that it is better for the expert not to tie
his or her testimony too tightly to the particular child victim, but instead, to limit the import
of such testimony to general characteristics and empirically obtained data, so that the jury
can draw its own conclusions. 
          Under these general precepts, and in light of the abuse of discretion standard by
which we review the admission of the evidence, we cannot say that the trial court's
determination the evidence was relevant is outside the zone of disagreement, or that it was
admitted without recourse to the applicable rules and standards governing such admission. 
Accordingly, the first contention of error is overruled.
          Carey next contends the trial court erred by allowing the use of a foreign conviction
(California) for the purpose of enhancement, without that conviction having first been
specifically pled. The indictment itself contains no enhancement allegations. On May 15,
2003, two weeks before trial, the State filed a notice of intent to prove a prior felony
conviction. The notice specified the California conviction. In Cochran v. State, 107 S.W.3d
96, 98–99 (Tex. App.—Texarkana 2003, no pet.), we recently addressed this issue. 
          As we recognized in that case, the law requires that prior convictions used as
enhancements be pled in some form, but not necessarily in the indictment. Brooks v.
State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). In our reasoning, we followed the
position taken by the Fort Worth Court of Appeals in Throneberry v. State, 109 S.W.3d 52,
59 (Tex. App.—Fort Worth 2003, no pet.), where the court held that a letter mailed to
defense counsel and later introduced in evidence at trial did not constitute a "pleading" of
the enhancement. Similarly, we agreed in Cochran that a letter sent by the prosecutor to
defense counsel did not constitute a pleading of the enhancement allegation, but ultimately
found the error harmless because counsel had notice and admitted the prior conviction.
          In this case, although not contained in the indictment, there is a formal pleading
specifying that the conviction would be used to enhance punishment. This is sufficient. 
The contention of error is overruled.
          Carey next contends the evidence is factually insufficient to support his convictions
for aggravated sexual assault of a child. In determining the factual sufficiency of the
evidence to establish the elements of the offense, we view all the evidence in a neutral light
and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). In this case, the victim testified that Carey had touched her private parts with his
hands, that he had done so on a number of occasions, that more than once he had put his
mouth on her private parts and her breasts, and that he had put his finger inside of her. 
Her outcry, recounting some of these allegations, was also in evidence. There was no
medical evidence to support the allegations. 
          Because the jury is the sole judge of the weight and credibility of the witnesses'
testimony, it may accept or reject any or all of the testimony of any witness. See
Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). Again, our role is not
to "find" facts; rather, it is to see if we can determine that the verdict is against the great
weight of the evidence presented at trial so as to be clearly wrong and unjust. See Clewis
v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). 
          The jury had evidence before it which supports its conclusion. There is no evidence
to the contrary to support reversal. The contention of error is overruled.
          We affirm the judgment.

                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      March 22, 2004
Date Decided:         April 8, 2004

Do Not Publish