COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-292-CR

 

 

BENNIE JOE HOWE                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Bennie Joe Howe
appeals from his conviction and life sentence for aggravated sexual
assault.  In one issue, he argues that
the State failed to provide adequate notice of its intent to seek enhanced
punishment under penal code section 12.42(c). 
We affirm.

 








                                            Background

The facts of the offense are
not relevant to this appeal.  The grand
jury indicted Appellant for two counts of aggravated sexual assault.  The indictment also alleged the following
enhancement paragraph:

And
the Grand Jury aforesaid do further present that prior to the commission of the
aforesaid primary offense by [Appellant], to-wit:  on the 10th day of August, A.D. 1995, in the
78th District Court of Wichita County, Texas, in Cause No. 32,274-B on the docket
of said court, [Appellant] was duly and legally convicted in the said last
named court of a felony, to-wit: INDECENCY WITH A CHILD,  . . . and said conviction was a final
conviction and was a conviction for an offense committed by [Appellant] prior to
the commission of the primary offense hereinbefore charged against him. 

 

Eight months later, Appellant pleaded not guilty
to both counts of the primary offense. 
Immediately after he pleaded not guilty and before voir dire, his trial
counsel had him take the stand, and the following colloquy occurred between
them:

[DEFENSE COUNSEL]: Bennie, I have received an
offer from the State in this case which is 30 years -- 

 

THE DEFENDANT: I wouldn=t
take two years.  I=m not
guilty.

 

THE COURT: Okay. 
Hang on just a minute.

 

[DEFENSE COUNSEL]: Why don=t you
let me finish my question.  I have
received an offer from the State for 30 years in TDC for this offense.  I understand you wouldn=t
plead for two years on this offense, but you do understand that we are dealing
with a first-degree felony and that the potential punishment in this case would
be 15 years to life; is that correct?








THE DEFENDANT: Yes, sir.

 

[DEFENSE COUNSEL]: And is it your desire to
expressly reject the State=s offer?

 

THE DEFENDANT: Yes, it is.

 

. . . .

 

[PROSECUTOR]: . . . I think [defense counsel] is
incorrect on the range of punishment.  If
the enhancement paragraph is found true by the jury, or since they elected the
jury, it=s
going to be an automatic life sentence. 
It=s not
going to be 15 to 99 or life.

 

[DEFENSE COUNSEL]: If I could speak to [the
prosecutor] for just a second.

 

THE COURT: Off the record.

 

(Discussion off the record.)

 

. . . .

 

[DEFENSE COUNSEL]: Bennie, you understand
essentially that what [the prosecutor=s] position is, is that in
the event you=re
convicted of this offense -- 

 

THE DEFENDANT: Sure, give me the death
penalty.  I don=t
care.  If you make me guilty I want the
death penalty, yes, not life in prison but the death penalty.  Thank you. 
That=s all
I have to say.

 

[DEFENSE COUNSEL]: And I appreciate that.  Allow me to finish my question, if you
please.  The question for you is
this.  The offer is 30 years and -- 

 








THE DEFENDANT: I want the death penalty if I=m
found guilty.  I don=t
want a life sentence.  I don=t
want 30 years.  I don=t
want two years.  I am guilty -- if you=re
going to find me guilty, give me the death penalty.  That=s all I have to say, Mr. -- 

 

. . . .

 

[DEFENSE COUNSEL]: Recognizing that there is a
better than even chance -- recognizing that the only solution to this case in
the event of a conviction is that you receive the life in prison, is it still
your desire to reject the State=s offer for 30 years in the
penitentiary?

 

THE DEFENDANT: Well, sure. 

 

The jury found Appellant
guilty of both counts.  Appellant pleaded
true to the enhancement paragraphCafter his counsel advised him on the record that if he pleaded true,
the trial court would instruct the jury to assess punishment at confinement for
life.  The trial court instructed the
jury to assess punishment at confinement for life on both counts, and the jury
did as instructed.  The trial court
sentenced Appellant accordingly, and this appeal followed.

                                             Discussion

In his sole issue, Appellant
argues that the indictment=s enhancement paragraph did not adequately notify him of the State=s intent to seek life sentences, thereby depriving him of his right to
due process.  He contends that A[t]he enhancement paragraph in the indictment was [at] best vague, if
not confusing, regarding the intentions of the State.@   








The purpose of an enhancement
allegation is to provide the accused with notice of the prior convictions
relied upon by the State.  Coleman v.
State, 577 S.W.2d 486, 488 (Tex. Crim. App. [Panel Op.] 1979).  The prior convictions used as enhancements
must be pleaded in some form and are often contained in the indictment.  Brooks v. State, 957 S.W.2d 30, 34
(Tex. Crim. App. 1997). 

The statutory provisions
governing enhancement of a felony offense with a defendant=s prior convictions vary depending on both the degree of the offense
to be enhanced and the nature of the enhancing offense.  Tex.
Penal Code Ann. ' 12.42
(Vernon 2003 & Supp. 2007).  Section
12.42(c) provides as follows:

(1)
If it is shown on the trial of a first‑degree felony that the defendant
has been once before convicted of a felony, on conviction he shall be punished
by imprisonment in the Texas Department of Criminal Justice for life, or for
any term of not more than 99 years or less than 15 years. In addition to
imprisonment, an individual may be punished by a fine not to exceed $10,000.

 

(2)
Notwithstanding Subdivision (1), a defendant shall be punished by imprisonment
in the Texas Department of Criminal Justice for life if:

 

(A)
the defendant is convicted of an offense:

 

(i)
under Section 21.11(a)(1), 22.021, or 22.011, Penal Code; . . . and

 








(B)
the defendant has been previously convicted of an offense:

 

. . . .

 

(ii)
under Section 21.02, 21.11, 22.011, 22.021, or 25.02, Penal Code . . . . 

 

Id. '12.42(c).

The indictment alleged two
counts of aggravated sexual assault. 
Aggravated sexual assault is an offense under penal code section
22.021.  Id.  ' 22.021 (Vernon Supp. 2007).  The indictment=s enhancement paragraph alleged a prior conviction for indecency with
a child, which is an offense under penal code section 21.11.  Id. ' 21.11 (Vernon 2003).  Thus,
section 12.42(c)(2) applied, and the only possible outcome of a finding of
guilty to the primary offenses and a finding of true to the enhancement
allegation was a mandatory life sentence. 
See id. '
12.42(c)(2).  The indictment left no
question as to the State=s intent
regarding punishment; indeed, the State=s intent is not relevant because section 12.42(c) mandates a life
sentence under the circumstances. There was never the possibility of a sentence
of fifteen to ninety-nine years or life under section 12.42(c)(1)
because that subsection simply did not apply to the indictment=s allegations.








The is not a case of the
State failing to provide adequate notice of the prior conviction to be used for
enhancement.  It is not a caseCas Appellant contendsCof the State failing to provide adequate notice of which of two alternative
punishments it intended to seek because there was no alternative punishment
possible.  It is, apparently, a case of
Appellant=s trial
counsel failing to grasp the significance of the indictment=s allegations in terms of punishment until the prosecutor explained it
to him.  However, the indictment, when
read in conjunction with section 12.42(c), contained all of the information
necessary to apprise Appellant of the punishment he faced if the jury found him
guilty and found the enhancement allegation to be true.  And even after the prosecutor explained the
indictment=s
ramifications to Appellant=s counsel with Appellant present, and even after Appellant=s counsel in turn explained them to Appellant, Appellant emphatically
rejected the State=s plea
offer.

We therefore overrule
Appellant=s sole issue
and affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 1, 2008











[1]See Tex. R. App. P. 47.4.