NO. 07-09-0319-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 9, 2010

_____

DAVID TULIO RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10,257; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

I agree with the result reached by the majority, and I applaud the decision to address Appellant's third issue as presented; however, I write separately to express my opinion that Appellant's general premise about that issue is misstated.

By his third issue Appellant contends the trial court abused its discretion when it failed to "follow the strictures of Article 36.01 (a)(1), Texas Code of Criminal Procedure, by not reading the State's enhancement paragraphs to the jury and subsequently entering the Appellant's plea to the same." While I agree that the trial court committed error during the punishment phase of Appellant's trial, it wasn't because the enhancement paragraphs weren't read and a plea wasn't entered.

On January 29, 2009, a Hutchinson County Grand Jury returned an indictment charging Appellant with the first degree felony offense of aggravated assault on a public servant[1] (Count One) and the state jail felony offense of burglary of a building[2] (Count Two). While the indictment itself did not contain any enhancement allegations, on August 17, 2009, the State filed notice of its intent to seek enhancement of the punishment range for each count.[3] Notwithstanding the express intent to request the court to instruct the jury on the enhanced range of punishment, the State never insisted that the enhancements be read or that Appellant enter a plea thereto. By failing to do so, the State waived those enhancements. Because those enhancements were waived, the trial court did not commit error by failing to read the enhancements or have the Appellant enter a plea. While the trial court may have erred in instructing the jury as to the range of punishment, an issue not presented to this Court, it did not err in the

_____

[1]*See* Tex. Penal Code Ann. § 22.01(a)(2), § 22.02(a)(2), § 22.02(b)(2)(B) (Vernon Supp. 2010).

[2]*See* Tex. Penal Code Ann. § 30.02(a)(1), § 30.02(c)(1) (Vernon Supp. 2010).

[3]*See Brooks v. State,* 957 S.W.2d 30 (Tex.Crim.App. 1997) (holding that enhancement allegations do not need to be contained within the body of the primary charging document).

manner presented by Appellant's third issue.  Accordingly, I concur with the majority in finding no reversible error raised.


                                        Patrick A. Pirtle
                                            Justice


Do not publish.