NO. 07-09-0319-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 9, 2010

______________________________

 

DAVID TULIO RODRIGUEZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

_____________________________

FROM THE 84TH DISTRICT COURT OF HUTCHINSON
COUNTY;

NO. 10,257; HONORABLE WILLIAM D. SMITH, JUDGE

___________________________

 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

CONCURRING
OPINION

 

 

I
agree with the result reached by the majority, and I applaud the decision to
address Appellant's third issue as presented; however, I write separately to
express my opinion that Appellant's general premise about that issue is
misstated.




 

By his third issue Appellant contends the trial
court abused its discretion when it failed to "follow the strictures of
Article 36.01 (a)(1), Texas Code of Criminal
Procedure, by not reading the State's enhancement paragraphs to the jury and
subsequently entering the Appellant's plea to the same."  While I agree that the trial court committed
error during the punishment phase of Appellant's trial, it wasn't because the
enhancement paragraphs weren't read and a plea wasn't entered.  

On January 29, 2009, a Hutchinson County Grand
Jury returned an indictment charging Appellant with the first degree felony
offense of aggravated assault on a public servant[1]
(Count One) and the state jail felony offense of burglary of a building[2]
(Count Two).  While the indictment itself
did not contain any enhancement allegations, on August 17, 2009, the State
filed notice of its intent to seek enhancement of the punishment range for each
count.[3]
   Notwithstanding the express intent to
request the court to instruct the jury on the enhanced range of punishment, the
State never insisted that the enhancements be read or that Appellant enter a
plea thereto.  By failing to do so, the
State waived those enhancements.  Because
those enhancements were waived, the trial court did not commit error by failing
to read the enhancements or have the Appellant enter a plea.  While the trial court may have erred in
instructing the jury as to the range of punishment, an issue not presented to
this Court, it did not err in the manner presented by Appellant's third
issue.  Accordingly, I concur with the
majority in finding no reversible error raised.

 

Patrick A. Pirtle

      Justice

 

Do not publish.

 

 











[1]See Tex. Penal Code Ann. § 22.01(a)(2), §
22.02(a)(2), §
22.02(b)(2)(B) (Vernon Supp. 2010).





 

[2]See Tex. Penal Code Ann. § 30.02(a)(1), §
30.02(c)(1) (Vernon Supp. 2010).





 

[3]See Brooks v. State, 957 S.W.2d 30 (Tex.Crim.App. 1997) (holding that enhancement allegations
do not need to be contained within the body of the primary charging document).