IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS.


WR-77,879-01

WR-77,879-02

WR-77,879-03





EX PARTE JASON MARK HUTCHINS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. B09-155, B09-156, AND B09-157


IN THE 198TH DISTRICT COURT FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
manufacturing methamphetamine, possessing chemicals to manufacture methamphetamine, and
endangering a child. He was sentenced to concurrent terms of twenty years' incarceration for each
offense. There were no direct appeals.


 Applicant raises several claims in his writ applications, including claims of ineffective
assistance of trial counsel. The applications were abated for a response from counsel, which has been
provided, and the applications have been returned to this Court. After a review of the applications
and counsel's response, this Court has determined that additional information is needed.

 The trial court shall provide this Court with further information regarding whether the
enhancement paragraph pled in the indictment for manufacturing methamphetamine (cause no. B09-155) was applicable to the quantity of methamphetamine the indictment alleged Applicant had
manufactured, i.e., more than 4 but less than 200 grams, whether trial counsel discussed the
enhancement paragraph with Applicant, and whether Applicant made a knowing and voluntary
decision to plead guilty to the offense as enhanced. The trial court shall provide this Court with
further information regarding the facts surrounding the search of Applicant's residence by
supplementing the writ record to this Court with pertinent documents, such as the probable cause
affidavit for Applicant's arrest, the affidavit in support of a search warrant, if applicable, and the
offense report, and whether counsel discussed with Applicant the possibility of filing a motion to
suppress. The trial court shall provide this Court with further information regarding whether trial
counsel discussed with Applicant the possibility of challenging any of the charges or convictions as
violating Double Jeopardy. The trial court shall provide this Court with further information regarding
how the punishments for the possessing chemicals (cause no. B09-156) and the endangering a child
(cause no. B09-157) convictions were enhanced, how the State provided notice of its intent to seek
enhanced punishments, and whether counsel discussed with Applicant the enhancement of these
offenses. The trial court shall also supplement the writ record to this Court with any notice of the
State's intent to seek enhanced punishments, such as notices made pursuant to Brooks v. State, 957
S.W.2d 30 (Tex. Crim. App. 1997).

 To provide this Court with the information discussed above, the trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). The trial court shall also make any
findings of fact and conclusions of law it deems relevant and appropriate. If the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent him. Tex. Code
Crim. Proc. art. 26.04.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law and the
supplements to the writ record discussed above, shall be forwarded to this Court within 120 days of
the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 11, 2013

Do not publish