COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LOUIS TERRANCE SMITH, | | No. 08-08-00041-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 203rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0572457-P) |
| | § | |

## O P I N I O N

Louis Terrance Smith appeals his conviction of possession of less than 200 grams but more than 4 grams of cocaine with intent to deliver. A jury found Appellant guilty and the trial court assessed his punishment at a fine of $500 and imprisonment for a term of fifteen years. Although the trial court orally pronounced that the sentence would be served consecutively with the sentences in two other cases,[1] the written judgment ordered that the sentence run concurrently. We reform the judgment to delete the order that the sentence shall run concurrently. We affirm the judgment as reformed.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2004, Appellant was convicted of delivery of a controlled substance and sentenced to two years in state jail, probated for five years. On the same date, he was also

---

[1] In cause number F05-72491-LP, Appellant was convicted of possession of a firearm by a felon. We reformed the judgment and affirmed the conviction in a separate opinion issued on this same date. *Louis Terrance Smith v. State*, No. 08-08-00024-CR (Tex.App.--El Paso, Jan. 20, 2010). In cause number F05-72492-LP, Appellant was convicted of possession of body armor by a felon. We reformed the judgment and affirmed the conviction in a separate opinion issued on this same date. *Louis Terrance Smith v. State*, No. 08-08-00042-CR (Tex.App.--El Paso, Jan. 20, 2010).

convicted of possession with intent to deliver a controlled substance and sentenced to imprisonment for a term of ten years, probated for five years.

On June 10, 2005, Detective Jason Cox of the Dallas Police Department executed a search and arrest warrant at Appellant's apartment. After Cox and his entry team opened the front door, Cox observed Appellant sitting on a couch as he entered the apartment. As Appellant ran into the kitchen, Detective Cox noticed a pistol on the couch. Cox confronted Appellant in the kitchen and attempted to get him on the ground so that another officer could make the arrest. Appellant attempted to reach for his waistband and his mouth as he struggled with the officers; he was eventually handcuffed with the help of "two or three more" police officers. As he was led to the ground floor of the apartment complex, officers noticed that Appellant was choking and called an ambulance. Officer Mark Underwood, alerted that Appellant was unconscious, retrieved three baggies of cocaine from Appellant's throat after performing a "finger sweep."[2] CPR was performed on Appellant and he later regained consciousness at the hospital.

In Appellant's kitchen, Detective Cox discovered a rock of crack cocaine on a scale and a container with a false bottom. A bag of marijuana was found in the cabinet and small glass vials, normally used to store PCP or codeine, were found above the stove. Cox also recovered a loaded pistol on the couch, a set of two-way radios, a bullet proof vest, and a utility bill in Appellant's name. The address on the bill, 9855 Shadow Way, Apartment 2351, matched the address on the search and arrest warrant. Officers also seized approximately $1,100 from the apartment. Evidence admitted at trial established that Appellant's apartment fell within the drug-free zone surrounding Audelia Creek Elementary School.

A grand jury indicted Appellant for possession of cocaine with intent to deliver,

---

[2] Laboratory analysis established that the baggies contained 17.4 grams of cocaine.

possession of a firearm by a felon, and possession of body armor by a felon. The three cases were tried together and a jury returned a guilty verdict in each case. In the possession of cocaine with intent to deliver case (F-0572457-P), the jury affirmatively answered two special issues, finding that Appellant used or exhibited a deadly weapon and he committed the offense in a drug-free zone. The trial court assessed punishment of: (1) fifteen years' imprisonment and a $500 fine in the possession of cocaine with intent to deliver case (Cause No. F-0572457-P); (2) five years' imprisonment and a $500 fine in the unlawful possession of a firearm case (Cause No. F-0572491-P); and (3) two years' imprisonment and a $500 fine in the unlawful possession of body armor case (Cause No. F-0572492- P). The court orally ordered all three sentences to run consecutively with the possession of cocaine with intent to deliver case served first, the unlawful possession of a firearm case served second, and the unlawful possession of body armor served third.

The written judgments entered in the three cases are not consistent with the oral pronouncement of sentence. The written judgment in the possession of a firearm case (Cause No. F-0572491-P) orders that the sentence shall run consecutively and shall begin only when the judgments and sentences in both cause numbers F-0572457-P and F-0572492-P have ceased to operate. In effect, the written judgment makes the sentence in the unlawful possession of a firearm case (Cause No. F05-72491-LP) the third sentence to be served rather than the second as the court pronounced at sentencing. The written judgment in the unlawful possession of body armor case (Cause No. F05-72492-LP) orders that the sentence shall run consecutively and shall begin only when the judgment and sentence in cause number F05-72491-LP has ceased to operate. That comports with the pronouncement of sentence but conflicts with the written judgment entered in cause number F05-72491-LP. Finally, the judgment in the possession of

cocaine with intent to deliver case (Cause No. F05-72457-SP) orders that the sentence run concurrently. That portion of the judgment is contrary to the trial court's oral pronouncement of sentence. This appeal follows.

## CONSECUTIVE SENTENCES

In Point of Error One, Appellant contends that the trial court erred in ordering his sentences to be served consecutively because Texas Penal Code §3.03 prohibits such cumulation. The State agrees with Appellant that the sentences in the unlawful possession of a firearm by a felon (Cause No. F-0572491-P) and unlawful possession of body armor by a felon (Cause No. F-0572492-P) must run concurrently. It maintains, however, that the sentence in the possession of cocaine with intent to deliver case (Cause No. F-0572457-P) must run consecutively because Texas Health and Safety Code §481.134(h), not Texas Penal Code § 3.03, controls.

### *Statutory Construction*

Courts are to construe a statute literally and according to its plain language, unless that language is ambiguous or interpretation would lead to absurd results that the legislature could not have intended. *Thompson v. State*, 236 S.W.3d 787, 792 (Tex.Crim.App. 2007), *citing Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). We assume that the Legislature intended a just and reasonable result. *See* TEX.GOV'T CODE ANN. § 311.021(3)(Vernon 2005). If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both. *Id.* § 311.026(a). If the conflict between the two provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. *Id.* § 311.026(b).

### *Texas Penal Code § 3.03*

When the accused is found guilty of more than one offense arising out of the same criminal episode, a sentence for each offense for which he has been found guilty shall be pronounced. TEX.PEN.CODE ANN. § 3.03(a)(Vernon 2003). The sentences shall run concurrently, provided they do not fall within the exceptions set forth in Subsection (b). *Id.* The exceptions stated in § 3.03(b) are inapplicable here. *See id.* Consequently, the trial court erred in ordering the sentence in the unlawful possession of body armor case to run consecutively with the sentence in the unlawful possession of a firearm case.

*Health and Safety Code*

Section 481.102 of the Texas Health and Safety Code lists cocaine under "Penalty Group 1." TEX.HEALTH&SAFETY CODE ANN. § 481.102(3)(D)(Vernon 2003). A person commits an offense if he knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1. *Id.* § 481.112(a). An offense under Subsection (a) is a felony of the first degree if the amount of the controlled substance to which the offense applies is four grams or more, but less than two-hundred grams. *Id.* § 481.112(d). Appellant's conviction for possession with intent to deliver cocaine does not satisfy the criteria to run consecutively under Section 3.03(b) of the Texas Penal Code. *See* TEX.PEN.CODE ANN. § 3.03(b).

When certain offenses are committed in a drug-free zone, punishment for the offenses may be enhanced. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.134 (Vernon 2003). Drug-free zones include schools, youth centers, public swimming pools, video arcades, and playgrounds. *See id.* The minimum term of confinement or imprisonment for an offense otherwise punishable under Section 481.134(c) is increased by five years and the maximum fine for the offense is doubled if it is shown that the offense was committed within one-thousand feet of a school. *Id.* § 481.134(c). Punishment that is increased for a conviction for an offense listed under Section

481.134 may not run concurrently with punishment for a conviction under any other criminal statute. *Id.* § 481.134(h). Based on the plain language of Section 481.134(h), Appellant's sentence for possession of cocaine with intent to deliver must run consecutively with the sentences in the other two cases. *See* TEX.HEALTH&SAFETY CODE ANN. § 481.134; *Thompson*, 236 S.W.3d at 792. The special provision of Section 481.134(h) prevails over the general provision of Section 3.03(a) of the Texas Penal Code. Assuming the legislature intended a just and reasonable result when enacting the Texas Health and Safety Code, the Legislature did not manifestly intend for Section 3.03(a) to prevail. TEX.GOV'T CODE ANN. § 311.026(a). Appellant's sentence for possession with intent to deliver cocaine was punishable under Section 481.134(d) of the Texas Health and Safety Code, and the jury found that his apartment fell within the drug-free zone surrounding Audelia Creek Elementary School. *Id.* § 481.134(d). Appellant's convictions for unlawful possession of a firearm by a felon and unlawful possession of body armor by a felon are both punishable under other criminal statutes. *See* TEX.PENAL CODE ANN. § 46.04(a)(Vernon Supp. 2009); TEX.PENAL CODE ANN. § 46.041 (Vernon 2003). Thus, the trial court did not err in ordering that Appellant's sentence in the possession of cocaine with intent to deliver case run consecutively with the sentences in his other two convictions. Point of Error One is overruled.

**DRUG-FREE ZONE FINDING**

In Point of Error Two, Appellant alleges that the State's late notice of intent to seek a drug-free zone finding amounted to a mid-trial indictment amendment and deprived him of substantial rights. Appellant asserts that he did not receive written notice of the State's intent to seek a drug-free zone finding until after the punishment phase had begun. The State first responds that Appellant waived his complaint by failing to object at trial.

As a prerequisite to presenting a complaint for appellate review, Texas Rule of Appellate Procedure 33.1 requires the complaint to have been made to the trial court by a timely request or objection. TEX.R.APP.P. 33.1(a). This rule ensures that trial courts are provided the opportunity to correct their own mistakes before a case need be appealed. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001). Appellant did not object or request a continuance at the beginning of the guilt-innocence phase when the court arraigned Appellant on the drug-free zone special plea.[3] Appellant instead entered a plea of not true to that allegation. Further, Appellant did not object to the submission of drug-free zone issue at the guilt-innocence charge conference. Accordingly, Appellant waived his right to present this complaint on appeal. *See* TEX.R.APP.P. 33.1(a).

Even if Appellant had preserved this issue, his argument is without merit. An allegation which enhances punishment must be pleaded in some manner but need not be included within the indictment. *See Villescas v. State*, 189 S.W.3d 290, 292 (Tex.Crim.App. 2006); *Brooks v. State*, 957 S.W.2d 30, 33 (Tex.Crim.App. 1997). A finding that a narcotics offense occurred within

---

[3] The prosecutor stated: "State -- F05-72457, also seeks -- intends to seek a Drug Free Zone finding pursuant to Section 481.134 of the Texas Health & Safety Code and argues that the evidence will show the defendant committed the offense of possession of a controlled substance with intent to deliver, to-wit: cocaine, in an amount by aggregate weight, including adulterants or dilutants, of 4 grams or more but less than 200 grams, that said offense was committed in, on, or within a thousand feet of premises of a school or public, private youth center, to-wit: Audelia Creek Elementary, located 12600 Audelia Road, Dallas, Texas."

one thousand feet of an elementary school raises the minimum punishment for the charged offense in cause number F05-72457-SP by five years and doubles the maximum fine. *See* TEX.HEALTH& SAFETY CODE ANN. §§ 481.112(d), 481.134(c)(1) (Vernon 2003 & Supp. 2009). The State did not amend the indictment to include the drug-free zone allegation. It instead presented the issue as a special plea. Contrary to Appellant's claim that the State failed to give him notice until after the conclusion of the guilt-innocence phase, the record reflects that the State gave Appellant both verbal and written notice prior to the beginning of trial of its intent to seek the drug-free zone finding. Prior to the beginning of voir dire, defense counsel informed the trial court that the State had that same day served written notice of the State's intent to seek a drug-free zone finding. Defense counsel also noted that the prosecutor had previously given verbal notice of the State's intent to seek that finding. The Health and Safety Code does not specify when a notice of intent to seek a drug-free zone finding must be given or the required manner of notice. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(3)(D), 481.134(c)(1) (Vernon 2003 & Supp. 2009). The record reflects Appellant had no defense to the drug-free zone finding and he did not request a continuance in order to prepare one. Under these circumstances, notice at the beginning of trial is adequate. *See Villescas*, 189 S.W.3d at 292. Further, the notice given by the State of its special plea did not amount to a mid-trial amendment of the indictment. We overrule Point of Error Two.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his final point of error, Appellant contends that his counsel's failure to object to the untimely amendment or late notice of the State's intent to seek a drug-free zone finding amounted to ineffective assistance. In *Strickland v. Washington*, the United States Supreme Court adopted a two-step analysis as the proper standard for determining claims of ineffective

assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Appellant must show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Particularly, Appellant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Second, Appellant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To establish prejudice, Appellant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* This two-pronged test is used to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial produced unreliable results. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). Appellate review of defense counsel's efficiency is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Id.*; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The burden to overcome that presumption falls on Appellant. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

Trial counsel's failure to object to the allegedly late notice of the State's intent to seek a drug-free zone finding did not amount to ineffective assistance. Appellant claims his trial counsel "plainly erred" because there was "no logical strategic reason" not to object. However, the record does not affirmatively demonstrate the alleged ineffectiveness of Appellant's counsel. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). We have already determined that the State's intent to seek a drug-free zone finding was not untimely. *Riney v. State*, 28 S.W.3d 561, 565 (Tex.Crim.App. 2000); *see* TEX.HEALTH&SAFETY CODE ANN. § 481.134. Trial

counsel's actions fell within a wide range of reasonable professional assistance, as there was a logical reason not to object to a timely filed notice. *Mallett*, 65 S.W.3d at 63. Appellant has therefore failed to satisfy the first prong of *Strickland*. *Mitchell*, 68 S.W.3d at 642. Point of Error Three is overruled.

Although we have overruled Point of Error One, we have determined that the judgment is erroneous because it does not comport with the pronouncement of sentence and it conflicts with the requirement of Section 481.134(h) of the Texas Health and Safety Code. We therefore reform the judgment to delete the order that the sentence run concurrently. In the related appeals, we have reformed the judgments to order that the sentences in those cases run concurrently with one another but consecutively with the sentence in the instant case. *See Louis Terrance Smith v. State*, No. 08-08-00024-CR (Tex.App.--El Paso, Jan. 20, 2010); *Louis Terrance Smith v. State*, No. 08-08-00042-CR (Tex.App.--El Paso, Jan. 20, 2010). Having overruled the remaining points of error, we affirm the judgment of the trial court as reformed.

January 20, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment

(Do Not Publish)