COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





LOUIS TERRANCE SMITH,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-08-00041-CR

Appeal from
 203rd District Court

of Dallas County, Texas

(TC # F-0572457-P)



 

 

 




O P I N I O N

            Louis Terrance Smith appeals his conviction of possession of less than 200 grams but
more than 4 grams of cocaine with intent to deliver. A jury found Appellant guilty and the trial
court assessed his punishment at a fine of $500 and imprisonment for a term of fifteen years. 
Although the trial court orally pronounced that the sentence would be served consecutively with
the sentences in two other cases,


 the written judgment ordered that the sentence run
concurrently. We reform the judgment to delete the order that the sentence shall run
concurrently. We affirm the judgment as reformed.
FACTUAL AND PROCEDURAL BACKGROUND
            On December 6, 2004, Appellant was convicted of delivery of a controlled substance and
sentenced to two years in state jail, probated for five years. On the same date, he was also
convicted of possession with intent to deliver a controlled substance and sentenced to
imprisonment for a term of ten years, probated for five years.
            On June 10, 2005, Detective Jason Cox of the Dallas Police Department executed a
search and arrest warrant at Appellant’s apartment. After Cox and his entry team opened the
front door, Cox observed Appellant sitting on a couch as he entered the apartment. As Appellant
ran into the kitchen, Detective Cox noticed a pistol on the couch. Cox confronted Appellant in
the kitchen and attempted to get him on the ground so that another officer could make the arrest. 
Appellant attempted to reach for his waistband and his mouth as he struggled with the officers;
he was eventually handcuffed with the help of “two or three more” police officers. As he was led
to the ground floor of the apartment complex, officers noticed that Appellant was choking and
called an ambulance. Officer Mark Underwood, alerted that Appellant was unconscious,
retrieved three baggies of cocaine from Appellant’s throat after performing a “finger sweep.”


 
CPR was performed on Appellant and he later regained consciousness at the hospital. 
            In Appellant’s kitchen, Detective Cox discovered a rock of crack cocaine on a scale and a
container with a false bottom. A bag of marijuana was found in the cabinet and small glass vials,
normally used to store PCP or codeine, were found above the stove. Cox also recovered a loaded
pistol on the couch, a set of two-way radios, a bullet proof vest, and a utility bill in Appellant’s
name. The address on the bill, 9855 Shadow Way, Apartment 2351, matched the address on the
search and arrest warrant. Officers also seized approximately $1,100 from the apartment. 
Evidence admitted at trial established that Appellant’s apartment fell within the drug-free zone
surrounding Audelia Creek Elementary School. 
            A grand jury indicted Appellant for possession of cocaine with intent to deliver,
possession of a firearm by a felon, and possession of body armor by a felon. The three cases
were tried together and a jury returned a guilty verdict in each case. In the possession of cocaine
with intent to deliver case (F-0572457-P), the jury affirmatively answered two special issues,
finding that Appellant used or exhibited a deadly weapon and he committed the offense in a
drug-free zone. The trial court assessed punishment of: (1) fifteen years’ imprisonment and a
$500 fine in the possession of cocaine with intent to deliver case (Cause No. F-0572457-P); (2)
five years’ imprisonment and a $500 fine in the unlawful possession of a firearm case (Cause No.
F-0572491-P); and (3) two years’ imprisonment and a $500 fine in the unlawful possession of
body armor case (Cause No. F-0572492- P). The court orally ordered all three sentences to run
consecutively with the possession of cocaine with intent to deliver case served first, the unlawful
possession of a firearm case served second, and the unlawful possession of body armor served
third. 
            The written judgments entered in the three cases are not consistent with the oral
pronouncement of sentence. The written judgment in the possession of a firearm case (Cause
No. F-0572491-P) orders that the sentence shall run consecutively and shall begin only when the
judgments and sentences in both cause numbers F-0572457-P and F-0572492-P have ceased to
operate. In effect, the written judgment makes the sentence in the unlawful possession of a
firearm case (Cause No. F05-72491-LP) the third sentence to be served rather than the second as
the court pronounced at sentencing. The written judgment in the unlawful possession of body
armor case (Cause No. F05-72492-LP) orders that the sentence shall run consecutively and shall
begin only when the judgment and sentence in cause number F05-72491-LP has ceased to
operate. That comports with the pronouncement of sentence but conflicts with the written
judgment entered in cause number F05-72491-LP. Finally, the judgment in the possession of
cocaine with intent to deliver case (Cause No. F05-72457-SP) orders that the sentence run
concurrently. That portion of the judgment is contrary to the trial court’s oral pronouncement of
sentence. This appeal follows.
CONSECUTIVE SENTENCES
            In Point of Error One, Appellant contends that the trial court erred in ordering his
sentences to be served consecutively because Texas Penal Code §3.03 prohibits such cumulation. 
The State agrees with Appellant that the sentences in the unlawful possession of a firearm by a
felon (Cause No. F-0572491-P) and unlawful possession of body armor by a felon (Cause No. F-0572492-P) must run concurrently. It maintains, however, that the sentence in the possession of
cocaine with intent to deliver case (Cause No. F-0572457-P) must run consecutively because
Texas Health and Safety Code §481.134(h), not Texas Penal Code § 3.03, controls. 
Statutory Construction
            Courts are to construe a statute literally and according to its plain language, unless that
language is ambiguous or interpretation would lead to absurd results that the legislature could not
have intended. Thompson v. State, 236 S.W.3d 787, 792 (Tex.Crim.App. 2007), citing Boykin v.
State, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). We assume that the Legislature intended a
just and reasonable result. See Tex.Gov’t Code Ann. § 311.021(3)(Vernon 2005). If a general
provision conflicts with a special or local provision, the provisions shall be construed, if possible,
so that effect is given to both. Id. § 311.026(a). If the conflict between the two provisions is
irreconcilable, the special or local provision prevails as an exception to the general provision,
unless the general provision is the later enactment and the manifest intent is that the general
provision prevail. Id. § 311.026(b).
Texas Penal Code § 3.03
            When the accused is found guilty of more than one offense arising out of the same
criminal episode, a sentence for each offense for which he has been found guilty shall be
pronounced. Tex.Pen.Code Ann. § 3.03(a)(Vernon 2003). The sentences shall run
concurrently, provided they do not fall within the exceptions set forth in Subsection (b). Id. The
exceptions stated in § 3.03(b) are inapplicable here. See id. Consequently, the trial court erred in
ordering the sentence in the unlawful possession of body armor case to run consecutively with
the sentence in the unlawful possession of a firearm case. 
Health and Safety Code
            Section 481.102 of the Texas Health and Safety Code lists cocaine under “Penalty Group
1." Tex.Health&Safety Code Ann. § 481.102(3)(D)(Vernon 2003). A person commits an
offense if he knowingly manufactures, delivers, or possesses with intent to deliver a controlled
substance listed in Penalty Group 1. Id. § 481.112(a). An offense under Subsection (a) is a
felony of the first degree if the amount of the controlled substance to which the offense applies is
four grams or more, but less than two-hundred grams. Id. § 481.112(d). Appellant’s conviction
for possession with intent to deliver cocaine does not satisfy the criteria to run consecutively
under Section 3.03(b) of the Texas Penal Code. See Tex.Pen.Code Ann. § 3.03(b). 
            When certain offenses are committed in a drug-free zone, punishment for the offenses
may be enhanced. See Tex.Health & Safety Code Ann. § 481.134 (Vernon 2003). Drug-free
zones include schools, youth centers, public swimming pools, video arcades, and playgrounds. 
See id. The minimum term of confinement or imprisonment for an offense otherwise punishable
under Section 481.134(c) is increased by five years and the maximum fine for the offense is
doubled if it is shown that the offense was committed within one-thousand feet of a school. Id. §
481.134(c). Punishment that is increased for a conviction for an offense listed under Section
481.134 may not run concurrently with punishment for a conviction under any other criminal
statute. Id. § 481.134(h).       Based on the plain language of Section 481.134(h), Appellant’s
sentence for possession of cocaine with intent to deliver must run consecutively with the
sentences in the other two cases. See Tex.Health&Safety Code Ann. § 481.134; Thompson,
236 S.W.3d at 792. The special provision of Section 481.134(h) prevails over the general
provision of Section 3.03(a) of the Texas Penal Code. Assuming the legislature intended a just
and reasonable result when enacting the Texas Health and Safety Code, the Legislature did not
manifestly intend for Section 3.03(a) to prevail. Tex.Gov’t Code Ann. § 311.026(a). 
Appellant’s sentence for possession with intent to deliver cocaine was punishable under Section
481.134(d) of the Texas Health and Safety Code, and the jury found that his apartment fell within
the drug-free zone surrounding Audelia Creek Elementary School. Id. § 481.134(d). Appellant’s
convictions for unlawful possession of a firearm by a felon and unlawful possession of body
armor by a felon are both punishable under other criminal statutes. See Tex.Penal Code Ann. §
46.04(a)(Vernon Supp. 2009); Tex.Penal Code Ann. § 46.041 (Vernon 2003). Thus, the trial
court did not err in ordering that Appellant’s sentence in the possession of cocaine with intent to
deliver case run consecutively with the sentences in his other two convictions. Point of Error
One is overruled.
 

DRUG-FREE ZONE FINDING
            In Point of Error Two, Appellant alleges that the State’s late notice of intent to seek a
drug-free zone finding amounted to a mid-trial indictment amendment and deprived him of
substantial rights. Appellant asserts that he did not receive written notice of the State’s intent to
seek a drug-free zone finding until after the punishment phase had begun. The State first
responds that Appellant waived his complaint by failing to object at trial.
            As a prerequisite to presenting a complaint for appellate review, Texas Rule of Appellate
Procedure 33.1 requires the complaint to have been made to the trial court by a timely request or
objection. Tex.R.App.P. 33.1(a). This rule ensures that trial courts are provided the opportunity
to correct their own mistakes before a case need be appealed. Vidaurri v. State, 49 S.W.3d 880,
886 (Tex.Crim.App. 2001). Appellant did not object or request a continuance at the beginning of
the guilt-innocence phase when the court arraigned Appellant on the drug-free zone special plea.


 
Appellant instead entered a plea of not true to that allegation. Further, Appellant did not object
to the submission of drug-free zone issue at the guilt-innocence charge conference. Accordingly,
Appellant waived his right to present this complaint on appeal. See Tex.R.App.P. 33.1(a). 
            Even if Appellant had preserved this issue, his argument is without merit. An allegation
which enhances punishment must be pleaded in some manner but need not be included within the
indictment. See Villescas v. State, 189 S.W.3d 290, 292 (Tex.Crim.App. 2006); Brooks v. State,
957 S.W.2d 30, 33 (Tex.Crim.App. 1997). A finding that a narcotics offense occurred within
one thousand feet of an elementary school raises the minimum punishment for the charged
offense in cause number F05-72457-SP by five years and doubles the maximum fine. See
Tex.Health& Safety Code Ann. §§ 481.112(d), 481.134(c)(1) (Vernon 2003 & Supp. 2009). 
The State did not amend the indictment to include the drug-free zone allegation. It instead
presented the issue as a special plea. Contrary to Appellant’s claim that the State failed to give
him notice until after the conclusion of the guilt-innocence phase, the record reflects that the
State gave Appellant both verbal and written notice prior to the beginning of trial of its intent to
seek the drug-free zone finding. Prior to the beginning of voir dire, defense counsel informed the
trial court that the State had that same day served written notice of the State’s intent to seek a
drug-free zone finding. Defense counsel also noted that the prosecutor had previously given
verbal notice of the State’s intent to seek that finding. The Health and Safety Code does not
specify when a notice of intent to seek a drug-free zone finding must be given or the required
manner of notice. See Tex. Health & Safety Code Ann. §§ 481.112(3)(D), 481.134(c)(1)
(Vernon 2003 & Supp. 2009). The record reflects Appellant had no defense to the drug-free zone
finding and he did not request a continuance in order to prepare one. Under these circumstances,
notice at the beginning of trial is adequate. See Villescas, 189 S.W.3d at 292. Further, the notice
given by the State of its special plea did not amount to a mid-trial amendment of the indictment. 
We overrule Point of Error Two.
INEFFECTIVE ASSISTANCE OF COUNSEL
            In his final point of error, Appellant contends that his counsel’s failure to object to the
untimely amendment or late notice of the State’s intent to seek a drug-free zone finding
amounted to ineffective assistance. In Strickland v. Washington, the United States Supreme
Court adopted a two-step analysis as the proper standard for determining claims of ineffective
assistance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 
First, Appellant must show that his counsel’s performance was deficient. Strickland, 466 U.S. at
687, 104 S.Ct. at 2064. Particularly, Appellant must prove by a preponderance of the evidence
that his counsel’s representation fell below the standard of professional norms. Mitchell v. State,
68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Second, Appellant must show that the deficient
performance prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. To establish
prejudice, Appellant must show that there is a reasonable probability that, but for the counsel’s
unprofessional errors, the result of the proceeding would have been different. Id. at 694, 104
S.Ct. at 2068. A reasonable probability is a probability “sufficient to undermine confidence in
the outcome.” Id. This two-pronged test is used to judge whether counsel’s conduct so
compromised the proper functioning of the adversarial process that the trial produced unreliable
results. Mallett v. State, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). Appellate review of defense
counsel’s efficiency is highly deferential and presumes that counsel’s actions fell within a wide
range of reasonable professional assistance. Id.; Tong v. State, 25 S.W.3d 707, 712
(Tex.Crim.App. 2000). The burden to overcome that presumption falls on Appellant. See
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.
            Trial counsel’s failure to object to the allegedly late notice of the State’s intent to seek a
drug-free zone finding did not amount to ineffective assistance. Appellant claims his trial
counsel “plainly erred” because there was “no logical strategic reason” not to object. However,
the record does not affirmatively demonstrate the alleged ineffectiveness of Appellant’s counsel. 
Thompson v. State, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). We have already determined that
the State’s intent to seek a drug-free zone finding was not untimely. Riney v. State, 28 S.W.3d
561, 565 (Tex.Crim.App. 2000); see Tex.Health&Safety Code Ann. § 481.134. Trial
counsel’s actions fell within a wide range of reasonable professional assistance, as there was a
logical reason not to object to a timely filed notice. Mallett, 65 S.W.3d at 63. Appellant has
therefore failed to satisfy the first prong of Strickland. Mitchell, 68 S.W.3d at 642. Point of
Error Three is overruled.
            Although we have overruled Point of Error One, we have determined that the judgment is
erroneous because it does not comport with the pronouncement of sentence and it conflicts with
the requirement of Section 481.134(h) of the Texas Health and Safety Code. We therefore
reform the judgment to delete the order that the sentence run concurrently. In the related appeals,
we have reformed the judgments to order that the sentences in those cases run concurrently with
one another but consecutively with the sentence in the instant case. See Louis Terrance Smith v.
State, No. 08-08-00024-CR (Tex.App.--El Paso, Jan. 20, 2010); Louis Terrance Smith v. State,
No. 08-08-00042-CR (Tex.App.--El Paso, Jan. 20, 2010). Having overruled the remaining points
of error, we affirm the judgment of the trial court as reformed.

January 20, 2010                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment

(Do Not Publish)