MARY'S OPINION HEADING 








NO. 12-09-00330-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

MIKE GREGORY
HUDSON,                      §                      APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
 COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

PER
CURIAM

            Mike Gregory Hudson appeals
his conviction for intoxication manslaughter, for which he was sentenced to
imprisonment for life.  Appellant’s counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

            Appellant
was charged by indictment with intoxication manslaughter and pleaded “guilty.” 
The indictment also alleged Appellant used or exhibited a deadly weapon––a
motor vehicle––during the commission of or immediate flight from the offense. 
Moreover, the State alleged that Appellant had been previously convicted of two
felony offenses.[1]  Appellant pleaded “true”
to the deadly weapon allegation as well as to the two prior felony
convictions.  Thereafter, the matter proceeded to a bench trial on punishment. 


            At
the conclusion of the trial on punishment, the trial court found Appellant
“guilty” as charged, found the deadly weapon allegation and the two enhancement
allegations to be “true,” and sentenced Appellant to imprisonment for life. 
This appeal followed.

 

Analysis Pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders v. California and
Gainous v. State. Appellant=s
counsel states that he has diligently reviewed the appellate record and is of
the opinion that the record reflects no reversible error and that there is no
error upon which an appeal can be predicated.  He further relates that he is
well acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant=s
brief presents a chronological summation of the procedural history of the case
and further states that Appellant=s
counsel is unable to raise any arguable issues for appeal.[2] 
We have likewise reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for
leave to withdraw.  See also In re Schulman, 252 S.W.3d 403, 407
(Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for
consideration with the merits.  Having done so and finding no reversible error,
Appellant=s counsel=s
motion for leave to withdraw is hereby granted and the
appeal is dismissed.

As
a result of our disposition of this case, Appellant’s counsel has a duty to,
within five days of the date of this opinion, send a copy of the opinion and
judgment to Appellant and advise him of his right to file a petition for
discretionary review. See Tex. R.
App.  P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review on his behalf or he must file a petition for discretionary
review pro se.  Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this court. See Tex. R. App. P. 68.2.  Any petition for discretionary review
must be filed with this court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any
petition for discretionary review should comply with the requirements of Texas
Rule of Appellate Procedure 68.4.  See In re Schulman, 252 S.W.3d
at 408 n.22.

Opinion delivered December 30, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                            (DO
NOT PUBLISH)









[1] The enhancement paragraph of the
indictment alleged that Appellant had been convicted of one prior felony
offense.  The State later gave notice of its intent to seek a higher punishment
pursuant to Brooks v. State, 957 S.W.2d 30 (Tex. Crim. App.
1997).

 





[2] Counsel for Appellant has
certified that he provided Appellant with a copy of this brief.  Appellant was
given time to file his own brief in this cause.  The time for filing such a
brief has expired and we have received no pro se brief.