IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-17,594-03






EX PARTE RICHARD A. CRUTCHFIELD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 241-1405-09 IN THE 241ST DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his
conviction. Crutchfield v. State, No. 12-09-00440-CR (Tex. App.--Tyler Jul. 29, 2011)
(unpublished).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel did not discover and prove that a prior conviction used to enhance the punishment range had
been reversed on appeal and dismissed. The trial court entered findings affirming that the Henderson
County conviction in Cause No. A-4736 was reversed on appeal in a published opinion and that
counsel did not argue that the State could not use it for enhancement. Though Applicant argues he
would have faced a punishment range with a lower minimum sentence, the trial court concluded that
there was "no credible evidence" that the outcome of the case would have been any different but for
counsel's inaction due to Applicant's allegedly "extensive" criminal history. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court determines he is not
represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make additional findings of fact and conclusions of law as to whether
the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make specific findings as to whether the
State gave notice compliant with Brooks v. State (1) alleging any final felony convictions that could
have been used to enhance a sentence that were not alleged in the indictment. The trial court also
shall make specific findings addressing whether the State argued that only a life sentence would be
appropriate because Applicant had previously been sentenced to life in Cause No. A-4736. The trial
court shall also make specific findings detailing the punishment evidence presented to jury with
respect to the remainder of Applicant's criminal history. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 19, 2012

Do not publish

1. 957 S.W.2d 30 (Tex. Crim. App. 1997).