IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




No. WR-77,879-03






EX PARTE JASON MARK HUTCHINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B09-157


IN THE 198TH DISTRICT COURT FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writs of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacturing
methamphetamine, possessing chemicals to manufacture methamphetamine, and endangering a
child. He was sentenced to concurrent terms of twenty years' incarceration for each offense in
accordance with plea agreements that disposed of the cases together. There were no direct appeals.
All three habeas applications remain pending before this Court and were previously remanded to the
trial court for further information and affidavits, which have been provided.


 This Court has conducted an independent review of the habeas records and all of Applicant's
claims in his three habeas applications. Based on this review, this Court concludes that Applicant
has not demonstrated entitlement to habeas corpus relief except for, perhaps, his claim that his
twenty-year sentence for endangering a child is not authorized by law. This issue is remanded to the
trial court for further information.

 Applicant alleges that his twenty-year sentence in the child endangerment case is unlawful
because the offense is a state-jail felony but he is being punished as though it were a second-degree
felony. The offense appears to have been charged as a state-jail felony, and the indictment did not
plead any enhancement paragraphs. A Brooks notice, however, is provided in the habeas record on
second remand. See Brooks v. State, 957 S.W.2d 30 (Tex. Crim. App. 1997). It alleged several prior
convictions for purposes of enhancing the applicable punishment range: (1) Burglary of a Building,
which appears to have been a state-jail felony with punishment enhanced to that of a second-degree
felony, becoming final on October 23, 1998; (2) Prescription Fraud, which appears to have been a
state-jail felony that became final on October 23, 1998; and (3) Unlawful Possession of a Firearm
by a Felon, which appears to have been a third-degree felony that became final, like the other two
prior convictions, on October 23, 1998. 

 Using the Brooks notice, it appears that the punishment range for the state-jail felony child-endangerment offense was initially raised to that of a third-degree felony because Applicant had
previously been finally convicted of two state-jail felonies--burglary of a building and prescription
fraud. Tex. Penal Code § 12.42(a)(1). It then appears the punishment range was enhanced again
to that of a second-degree felony under Section 12.42(a)(3) of the Penal Code using the prior third-degree firearm conviction. This sort of additional enhancement has been determined to be improper
because the underlying child endangerment offense remains a state-jail felony, albeit with an
enhanced punishment under 12.42(a)(1), and the enhancement provision in 12.42(a)(3) can be
applied only to third-degree felonies or to certain state-jail felonies not applicable to this case. Tex.
Penal Code § 12.42(a)(3); State v. Webb, 12 S.W.3d 808 (Tex. Crim. App. 2000). So, based on the
information before this Court, it appears that the twenty-year sentence imposed for the child
endangerment offense is not authorized by statute because the offense appears to have been
punishable as a third-degree felony.

 The trial court shall provide this Court with further information and make factual findings
regarding whether the child endangerment offense was properly enhanced to a second-degree felony,
and, assuming the enhancement was not proper, the trial court shall provide this Court with
information regarding and make factual findings whether any other convictions existed at the time
of the prosecution that could have been used to properly enhance the punishment to a second-degree
felony. See Ex Parte Parrott, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court shall also
make a recommendation to this Court, assuming the child endangerment sentence is not authorized
by statute, whether only the endangerment conviction should be set aside and Applicant returned to
answer that indictment or whether the convictions in all three cases should be set aside and Applicant
returned to answer all the indictments because the pleas in the three cases were disposed of together
under a "package" plea agreement. See Ervin v. State, 991 S.W.2d 801, 817 (Tex. Crim. App. 1999).

 To provide this Court with the information discussed above, the trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In addition to the findings discussed
above, the trial court may make any other findings it deems relevant and appropriate. If the trial court
elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him. Tex.
Code Crim. Proc. art. 26.04.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law and the
supplements to the writ record discussed above, shall be forwarded to this Court within 120 days of
the date of this order. Any extensions of time shall be obtained from this Court.


Filed: February 5, 2014

Do not publish