

# NUMBER 13-11-00551-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JUAN ANTONIO CASTILLO,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                         **Appellee.**

---

### On appeal from the 105th District Court
### of Kleberg County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Juan Antonio Castillo was charged by indictment with one count of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw through 2013 3d C.S.) ("An offense under this section is a felony of the second degree, except that the offense is a felony of the first

degree if . . . the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code . . . ."). The State filed a notice of intent to enhance Castillo's punishment with a prior conviction. The trial court deferred Castillo's adjudication of guilt and placed him on community supervision for five years. After a second revocation hearing, at which Castillo pleaded "true" to allegations contained in the State's motion to revoke, the trial court revoked Castillo's probation, found him guilty of a first-degree felony, made an affirmative finding of a deadly weapon, and sentenced him to ten years in the Institutional Division of the Texas Department of Criminal Justice.

By two issues, Castillo contends that: (1) his guilty plea was not knowing and voluntary; and (2) he was wrongly convicted of a first-degree felony instead of a second-degree felony. We affirm.

## I. FACTS AND PROCEDURAL POSTURE

Castillo was indicted in May 2009 with one count of aggravated assault with a deadly weapon, a second-degree felony.[1] *See id.* On November 13, 2009, the State filed a notice of intent to enhance punishment with prior convictions, which, if true, would enhance the offense to a first-degree felony. *See id.* § 12.42(b) (West, Westlaw through

---

[1] The May 21, 2009 second-degree indictment read, in relevant part, as follows:

[O]n or about DECEMBER 5, 2008, in Kleberg County, Texas [JUAN ANTONIO CASTILLO] did then and there intentionally, knowingly, or recklessly cause bodily injury to ARNOLD "MIKE" RODRIGUEZ by stabbing him in the body, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a sharp object, which in the manner of its use or intended use is capable of causing death or serious bodily injury . . . .

2013 3d C.S.); *Ketchum v. State*, 199 S.W.3d 581, 592 (Tex. App.—Corpus Christi 2006, pet. ref'd) (citing *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997) (en banc)) (explaining that proper notice of intent to enhance punishment must be given in a timely manner, but it need not be pleaded in the indictment itself to be considered proper notice, so long as it is pleaded "in some form").

On December 3, 2009, after reading the indictment, the trial court showed the court's written admonishments to Castillo.[2] The trial court informed Castillo that the admonishments explained his "rights under the law in criminal cases" and that the admonishments contained "a separate admonishment on the range of punishment applicable to the case . . . ." Castillo agreed that his counsel read the written admonishments to him "word for word" and that he understood everything that counsel read to him. Castillo also agreed that he "freely and voluntarily" signed the admonishments and that he understood and knew the range of punishment that he was facing if the trial court found him guilty. Following this discourse, Castillo pleaded guilty, pursuant to a plea agreement. The State informed the trial court that the State agreed to recommend that Castillo receive a ten-year prison sentence, probated for ten years, a $5,000 fine, and restitution in an amount to be determined, with the total of the fine and restitution not to exceed $10,000.[3] The State also apprised the trial court that it had

---

[2] We note that these written admonishments are not part of the appellate record.

[3] Although the State offered and the trial court admitted the plea agreement as State's Exhibit 1, the court reporter has advised this Court that the plea agreement could not be located in the file and thus does not appear in the appellate record.

3

agreed "to not file an enhancement to a first-degree felony."[4]   Yet the trial court rejected the plea agreement because article 42.12, section 3g(a)(2) of the code of criminal procedure prohibited it from granting regular probation to a defendant when there was a deadly weapon finding.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West, Westlaw through 2013 3d C.S.).   In light of this concern, the trial court reset the case to give the parties an opportunity to re-evaluate the case and renegotiate the agreement. The case continued on December 8, 2009 and then recessed again.

On January 4, 2010, the guilty-plea proceeding resumed.   Relevant to the issues in this case, the trial court discussed the terms of the plea agreement with Castillo, terms that according to the renegotiated plea agreement identified the offense as a repeat felony offender (RFO) first-degree felony. [5]   After this discussion, the following colloquy occurred between the trial court and Castillo:

COURT:   Do you understand that if I follow the agreement, you will be on community supervision under a judgment for a first-degree felony offense?   Do you understand that, sir?

CASTILLO:   Yes, sir.

COURT:   And if your probation is later revoked and I proceed to find you guilty, then we would proceed on to the punishment part of the trial at which point the State may offer proof of the prior conviction, and if it is proven that you have a prior conviction, then you are liable to a punishment range for a first-degree felony.   Understand?

CASTILLO:   Yes, sir.

---

[4] It is apparent from the State's position regarding the enhancement that it was, at this time, proceeding on Castillo's indicted offense, which was a second-degree felony.   *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw through 2013 3d C.S.).

[5] After renegotiating the plea bargain, it is apparent that the State decided to pursue an enhancement of the offense to a first-degree felony.

COURT: Now it may be that it is still possible that the State may choose, for whatever reasons at that time, not to offer proof of a prior conviction. If that happens, then your punishment would be for that of a second-degree felony. Do you understand that, sir?

CASTILLO: Yes, sir.

COURT: We don't know what's going to happen in the event that your probation is revoked because that's going to be up in the air. Depends on your future conduct. Do you understand that, sir?

CASTILLO: Yes, sir.

At this hearing, the trial court found that the evidence substantiated Castillo's guilt, but it did not make a finding of guilt. Instead, on January 15, 2010, the trial court placed Castillo on deferred adjudication community supervision for a period of five years and imposed the conditions of his supervision. The order of deferred adjudication identified the degree of the offense as a first-degree felony.

In February 2011, the State filed a motion to revoke Castillo's community supervision and to adjudicate his guilt. On March 30, 2011, at the hearing on the State's motion to revoke, the trial court reviewed for Castillo that he had been indicted for aggravated assault with a deadly weapon, a second-degree felony, and had been placed on deferred probation for five years. The trial court explained that "if the Court were to find that [Castillo had] violated terms and conditions of [his] probation, the Court could assess [his] punishment at anywhere up from 2 to 20 years in the Texas Department of Criminal Justice Institutional Division." Instead, however, after Castillo pleaded "true" to several allegations in the motion, rather than revoking his community supervision, the trial court sanctioned Castillo and increased the conditions of his probation. During this

5

revocation hearing, the court mentioned written admonishments, but they do not appear in the record. The trial court also found that Castillo understood the range of punishment.

The State filed a subsequent motion to revoke on April 27, 2011 and a first amended motion on May 9, 2011, which was heard on June 15, 2011. Prior to accepting Castillo's pleas to the allegations contained in the motion, the trial court inquired, as follows: "I don't have the original indictment in front of me. Was it a first or a second degree?" Although Castillo was indicted for a second-degree felony, the State responded, "It was a first degree, Your Honor." Based on this response, the trial court informed Castillo that it could assess punishment "anywhere from five to 99 years or life in the Texas Department of Criminal Justice Institutional Division" and found that Castillo knowingly and voluntarily waived his rights associated with this proceeding and that he understood the range of punishment he could be facing. The trial court accepted Castillo's pleas of "true" to violating five conditions of his probation. At the State's request, the trial court took judicial notice of the contents of the court's file in this case, including the State's notice of intent to enhance punishment on Castillo with an aggravated robbery offense and a delivery of cocaine offense.[6] After the State recommended a fifteen-year sentence, the trial court revoked Castillo's probation, adjudicated him guilty of a first-degree felony, made an affirmative finding of a deadly weapon, and sentenced him to ten years in prison. On July 6, 2011, the trial court signed the judgment adjudicating guilt and sentencing Castillo.

## II. ISSUE RELATED TO GUILTY PLEA

---

[6] Castillo testified that he had gone to prison once prior to this offense.

6

By his first issue, Castillo argues that his plea of guilty was not knowing and voluntary and requires reversal. Castillo bases his general contention on the following arguments: (1) the trial court failed to conduct a constitutionally sufficient plea colloquy, (2) the record establishes that he was not aware of the direct consequences of his guilty plea, and (3) the plea bargain was unenforceable. This complaint, however, is without merit.

Castillo brings his appeal from an order adjudicating guilt following a revocation proceeding. Appellate review of an order adjudicating guilt ordinarily is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms and conditions of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b); *see also Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). Error in the original guilty plea proceeding must be appealed when the conditions of deferred adjudication are originally imposed. *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). An appellant may not appeal matters relating to the original plea proceeding after his community supervision has been revoked and his adjudication of guilt formally made. *Manuel*, 994 S.W.2d at 661–62. There are two limited exceptions to the general rule that the original plea cannot be attacked on an appeal of the revocation proceedings: the "void judgment" exception and the "habeas corpus" exception. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Neither of those exceptions applies here. *See id.* at 669–70; *Jordan v. State*, 54 S.W.3d 783, 785–87 (Tex. Crim. App. 2001)

7

(setting out that an "involuntary plea" does not constitute one of those rare situations that results in a void judgment and concluding that Jordan did not invoke the trial court's writ of habeas corpus jurisdiction because he did not follow the proper procedures outlined in Article 11).

We conclude that Castillo's complaint challenging the judgment that placed him on deferred adjudication community supervision is not cognizable on appeal because he was required to raise the issue in a timely appeal from the trial court's order placing him on deferred adjudication community supervision. *See Manuel*, 994 S.W.2d at 661–62. An appeal on this ground should have been commenced within thirty days of the trial court's judgment deferring Castillo's guilt and placing him on community supervision. *See* TEX. R. APP. P. 26.2(a)(1). No notice of appeal was filed from that judgment. However, Castillo may appeal from an alleged error in sentencing following the adjudication of guilt, which he does below in his second issue. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, . . . continue as if the adjudication of guilt had not been deferred."). We overrule Castillo's first issue.

### III.   FIRST-DEGREE FELONY CONVICTION

By his second issue, Castillo contends that the trial court erred in convicting him of a first-degree felony because he did not enter a plea of true to the enhancement and the State did not prove the enhancement. He claims that he was harmed because he understood that he could be sentenced at a second-degree felony range (two to twenty years) at revocation and could have advocated for a sentence as low as two years.

8

The indictment alleged that Castillo committed a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b). And while the State filed a notice of intent to enhance punishment to a first-degree felony with prior convictions, the trial court made no enhancement findings upon which a first-degree felony conviction could have been based. It also appears from our review of the reporter's record from the June 15, 2011 hearing that the trial court did not consider evidence of prior convictions for enhancement purposes. Nonetheless, the judgment reflected an adjudication of guilt for aggravated assault with a deadly weapon, a first-degree felony.

Because of the inconsistencies in the record, we abated the appeal and remanded the cause to the trial court for clarification of the judgment. On July 7, 2014, the district clerk filed a supplemental record containing a June 27, 2014 judgment nunc pro tunc. The judgment corrected "the original judgment as to the proper degree of felony [second degree]." In its nunc pro tunc judgment, the trial court explained "that the Degree of offense was not listed correctly: the July 6 judgment read "1ST DEGREE FELONY," but should [have] read "2ND DEGREE FELONY" as reflected in the indictment, since the [trial court] made no findings on the enhancement at the time of sentencing." The trial court also corrected its "Findings on Deadly Weapon" to read "YES, NOT A FIREARM," which is consistent with its special findings.

Upon receipt of the supplemental clerk's record, we reinstated the appeal and ordered supplemental briefing in light of the judgment nunc pro tunc. On July 31, 2014, Castillo's counsel notified this Court that he "has nothing to argue and no additional law to provide the Court on the second point of error." Counsel acknowledged that, with the

9

judgment nunc pro tunc, his argument has been resolved. We agree and conclude that, with the judgment nunc pro tunc, the trial court committed no error in this regard. We overrule Castillo's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of August, 2014.

10