

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00115-CR

**KENNETH BELL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court
### Navarro County, Texas
### Trial Court No. C34388-CR

## MEMORANDUM OPINION

Kenneth Wayne Bell was convicted of burglary of a habitation and sentenced to 43 years in prison. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Because the evidence is sufficient to support Bell's conviction, Bell did not prove ineffective assistance of counsel, and his sentence was not illegal, the trial court's judgment is affirmed.

**SUFFICIENCY OF THE EVIDENCE**

Bell contends in his first issue that the evidence in insufficient to support his

conviction because the State did not introduce evidence of Bell's intent to commit theft.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and

can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Burglary of a habitation requires proof that the person, without the consent of the owner, entered a habitation with the intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). A jury may infer intent to commit theft from a forcible entry into a home. *Gear v. State*, 340 S.W.3d 743, 748 n. 9 (Tex. Crim. App. 2011). The nonconsensual entry of a habitation at night creates a rebuttable appellate presumption that the actor intended to commit theft. *LaPoint v. State*, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986). Further, evidence of flight upon being interrupted during the burglary can be evidence of intent to commit theft. *Gear*, 340 S.W.3d at 748.

During the early morning hours of September 16, 2011, Bell and his co-defendant, Tony Harris, approached a house and removed an air conditioner unit from a window. Harris testified that it was their intent to steal the air conditioner. After the unit was removed, Bell was seen by a neighbor entering the house through the window where the unit had been. Bell then ran when police arrived at the scene moments later. Thus, the jury could infer from this evidence that Bell had the intent to commit theft when he entered the home. Bell argues on appeal that because the home was vacant, he could not have had the intent to commit theft. However, there was testimony that the owner of the house had recently died and the jury could readily infer that because Bell and Harris had already removed the air conditioning unit, Bell entered the house to see

what else he could take.

After considering the evidence in the light most favorable to the verdict, we find a rational jury could have found the essential element of intent to commit theft beyond a reasonable doubt. Bell's first issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Bell next asserts that his trial counsel rendered ineffective assistance because counsel failed to investigate evidence that could have been used to mitigate punishment. Bell claims that his mental health records were not investigated by his attorney.

In order to prevail on a claim of ineffective assistance of counsel, Bell must meet the two-pronged test established by the United States Supreme Court in *Strickland* that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Unless a defendant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142. In order to satisfy the first prong, Bell must prove by a preponderance of the evidence that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*. To prove prejudice, Bell must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)).  Claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus.  *Id*. at 143 (citing *Bone v. State*, 77 S.W.3d 828, 833 n. 13 (Tex. Crim. App. 2002)).  On direct appeal, the record is usually inadequately developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation."  *Id*. (quoting *Bone*, 77 S.W.3d at 833).

Bell did not file a motion for new trial on the basis of ineffective assistance of counsel and the record is silent as to any potential strategy by his trial counsel as to why he did not investigate the alleged mental health records.  Although there is some suggestion in the record that Bell had seen a psychiatrist, the record is also silent as to whether those records existed, or if they did, what part of those records could be used as mitigation for punishment.  We will not speculate as to trial counsel's strategy for allegedly not investigating these records further.  Because Bell has not met his burden to establish the first prong in *Strickland*, we overrule his second issue.

## ILLEGAL SENTENCE

In his third issue, Bell contends his sentence is illegal because the State did not file a notice of enhancement of punishment.  A notice was filed in a previously indicted case and unofficially transferred to the case Bell appeals.  Bell contends the transferred

notice is not adequate.

The Court of Criminal Appeals has held that "prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment." *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). The notice requirement dictated by *Brooks* is of constitutional origin, and the ultimate question is whether constitutionally adequate notice was given. *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). Due process does not require that the notice be given before the guilt phase begins, much less that it be given a number days before trial. *Id*.

We abated this appeal at Bell's request to the trial court to hold a hearing to determine the proper contents of the clerk's record in this appeal. According to the trial court's findings of fact and conclusions of law in response to the abatement hearing, Bell was indicted for the offence of burglary of a habitation in October of 2011 and counsel was appointed. Four months later, the State filed its Notice of Intent to Enhance Punishment. In May of 2012, Bell was indicted for the same offense under the same facts as the previous indictment. The only difference in the indictments was the name of the owner of the home. Bell's appointed attorney remained the same. At some point after the new indictment, and without a motion and a ruling by the trial court, the trial court clerk moved most of the documents, including the notice of enhancement into the newly indicted case. The previously indicted case was dismissed.

After the jury's verdict and although the trial court did not ask Bell to plead to two enhancements, the trial court proceeded directly to the punishment phase, asking

the State to call its first witness to prove up the enhancements. Bell did not object to the enhancement evidence. Further, during the punishment phase, the State asked the trial court to take judicial notice of the previously filed Notice of Intent to Enhance Punishment. Again, Bell said nothing.

Because the ultimate question is whether constitutionally adequate notice was given, we find that, based on the evidence before us, the previously filed and transferred notice was constitutionally adequate. Thus, Bell's sentence was not illegal, and Bell's third issue is overruled.

Having overruled each issue presented on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 20, 2015
Do not publish
[CRPM]

