# NOS. 12-18-00180-CR
# 12-18-00181-CR
# 12-18-00182-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY WAYNE DUNLAP,*<br>*APPELLANT* | *§* | *APPEALS FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Timothy Wayne Dunlap appeals his convictions for evading arrest or detention, tampering with evidence, and possession of a controlled substance. Appellant's counsel filed briefs in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

In the first case (Cause Number 12-18-00180-CR), Appellant was indicted for the third degree felony offense of evading arrest or detention.[1] The indictment also alleged that Appellant used a deadly weapon during the commission of the offense. The State later filed an enhancement notice alleging that Appellant had two sequential felony convictions, which elevated the punishment range to twenty-five years to ninety-nine years or life imprisonment.[2] In the second

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016).

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019); ***Brooks v. State***, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997) (recognizing that although defendant has due process right to notice of State's pursuit of enhancement, State need not amend indictment provided that convictions used as enhancement are pleaded in some form).

case (Cause Number 12-18-00181-CR), Appellant was indicted for the third degree felony offense of tampering with evidence.[3]  In the third case (Cause Number 12-18-00182-CR), Appellant was indicted with the state jail felony offense of possession of a penalty group one controlled substance in an amount of less than one gram.[4]  The punishment level was enhanced to that of a second degree felony because of two prior sequential felony offenses.[5]

Appellant made an open plea of "guilty" to the charged offenses and pleaded "true" to the enhancement allegations.  Appellant and his counsel signed various documents in connection with his guilty pleas, including a stipulation of evidence in which Appellant swore, and judicially confessed, that the facts alleged in the indictments were true and correct, and constituted the evidence in the cases.  The trial court accepted Appellant's pleas and found him guilty of the offenses. After a punishment hearing, the trial court sentenced Appellant to fifty years of imprisonment in the first case, ten years of imprisonment in the second case, and twenty years of imprisonment in the third case.  This appeal followed.

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's appellate counsel filed briefs in compliance with **Anders v. California** and **Gainous v. State**.  Appellant's counsel relates that he reviewed the record in each case and found no reversible error or jurisdictional defect.  In compliance with **High v. State**, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel's briefs contain a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[6]

We considered counsel's briefs and conducted our own independent review of the record.  *Id.* at 811.  We found no reversible error.

---

[3] *See* TEX. PENAL CODE ANN. § 37.09(a)(1), (c) (West 2016).

[4] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017).

[5] *See* TEX. PENAL CODE ANN. § 12.425(b) (West 2019).

[6] In compliance with **Kelly v. State**, Appellant's counsel provided Appellant with a copy of the briefs, notified Appellant of his motions to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record in each case.  436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Appellant was given time to file his own brief in each case.  The time for filing such a brief has expired and no pro se brief has been filed.

**C**ONCLUSION

As required by *Anders* and ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw in each case. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motions for consideration with the merits. Having done so, we agree with counsel that the appeals are wholly frivolous. Accordingly, we ***grant*** Appellant's counsel's motions for leave to withdraw and ***affirm*** the trial court's judgments. Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-18-00180-CR

**TIMOTHY WAYNE DUNLAP,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0185-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-18-00181-CR

**TIMOTHY WAYNE DUNLAP,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0186-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-18-00182-CR

**TIMOTHY WAYNE DUNLAP,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-00306-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*